IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER HARRISON, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>HARRY & DAVID OPERATIONS, INC., and HARRY AND DAVID, LLC,<br><br>      Defendants. | Case No. 1:18-cv-00410-CL<br>**ORDER** |

AIKEN, District Judge:

Magistrate Judge Mark Clarke has filed his Findings and Recommendation ("F&R") (Doc. 180) recommending that defendants' Motion for Decertification (Doc. 142) should be DENIED; plaintiff's Motion for Class Certification under Fed. R. Civ. P. 23 (Doc. 134) should be GRANTED; and defendant's motions to exclude and strike (Docs. 155, 157) should be DENIED. This case is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

PAGE 1 –ORDER

When either party objects to any portion of a magistrate judge's F&R, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert denied*, 455 U.S. 920 (1982).

Defendants' have filed timely objections to the F&R (Doc. 183) and plaintiff has filed a timely response. Doc. 184. Additionally, defendants filed a notice of supplemental authority (Doc. 185) to which plaintiff responded. Doc. 186. Defendant then filed a reply (Doc. 187) to plaintiff's response to the objections to the F&R. Plaintiff has now moved to strike defendants' notice and reply. Doc. 188. The Court denies plaintiff's motion to strike in the interest of considering the whole record before it.

Having reviewed the objection, responses, notice of supplemental authority, and the entire file of this case, however, the Court finds no error in Magistrate Judge Clarke's order. The Court notes that it is not persuaded by defendants' argument that the Ninth Circuit's decision in *Castillo v. Bank of Am., NA*, 980 F.3d 723 (9th Cir. 2020) undermines Judge Clarke's ruling regarding the "predominance" requirement under Fed. R. Civ. P. 23(b)(3). First, the Court does not read *Castillo*, which dealt with proposed class action for claims under California state law, to undermine the authority relied on by Magistrate Judge Clarke in his finding.[1] Here,

---

[1] Further, in *Castillo* the Ninth Circuit was affirmed, under an abuse of discretion standard, a decision form the Central District of California which denied class certification.

PAGE 2 –ORDER

there is ample evidence in the record indicating that policies and practices at issue in this case applied to all class members such that the predominance requirement was satisfied.  Importantly, "[i]ndividual differences in calculating the amount of damages will not defeat class certification where common issues otherwise predominate." *Castillo v. Bank of Am., NA*, 980 F.3d at 730.  (internal citations omitted.)  Thus, the Court agrees with Magistrate Judge Clarke's initial findings on the question of predominance, even when considering the holding in *Castillo*.

In sum, the Court adopts Magistrate Judge Clarke's F&R (Doc. 180) in its entirety.  Accordingly, defendants' Motion for Decertification (Doc. 142) is DENIED; plaintiff's Motion for Class Certification under Fed. R. Civ. P. 23 (Doc. 134) is GRANTED; and defendant's Motions to Exclude and Strike (Docs. 155, 157) are DENIED.  As noted above, plaintiff's motion to strike (doc. 188) is DENIED.

IT IS SO ORDERED.

Dated this 24th  day of March, 2021.


/s/Ann Aiken
Ann Aiken
United States District Judge

PAGE 3 –ORDER