**David W. Garrison** (admitted *pro hac vice*)
**Joshua A. Frank** (admitted *pro hac vice*)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

Attorneys for Plaintiff

(Additional counsel listed on signature block)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER HARRISON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARRY & DAVID OPERATIONS, INC., and HARRY AND DAVID, LLC,<br><br>Defendants. | Case No. 1:18-cv-00410-CL<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

## MOTION

Plaintiff moves the Court for leave to file the attached proposed First Amended Class and Collective Action Allegation Complaint ("First Amended Complaint").[1] This is the first amendment to her Complaint sought by Plaintiff. Plaintiff's First Amended Complaint dismisses

---

[1] This proposed First Amended Complaint is attached as <u>Exhibit A</u>. A copy showing the amendments in track changes is attached as <u>Exhibit B</u>.

**PAGE 1 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

a Defendant, dismisses claims, and more narrowly tailors her allegations to conform with the factual record of this litigation. These amendments will occasion no prejudice or delay.

In compliance with Local Rule 7-1, Plaintiff's counsel conferred with Defendants' counsel in good faith regarding the relief sought in this Motion, and Defendants do not consent to the relief requested herein.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.   INTRODUCTION

Named Plaintiff Jennifer Harrison ("Plaintiff") brought this action to challenge the legality of Harry & David's timekeeping system with respect to how it captures compensable time for its call center agents ("agents") at its Medford, Oregon call center. Plaintiff, who worked for Harry & David at its Medford call center as an agent, challenges the legality of this timekeeping system collectively pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and under the Oregon state wage-and-hour laws on a class basis pursuant to Fed. R. Civ. P. 23. The core question in this case is whether this timekeeping system records and pays agents for all time worked and allows them a legally-mandated meal period in compliance with the FLSA and Oregon law.

Throughout the course of this litigation, the fundamental nature of the claims at issue has never changed. However, through discovery, briefing, and this Court's orders, the factual record at issue in support of those claims is significantly more developed than it was when Plaintiff's Complaint was filed in March 2018. Plaintiff now seeks to amend her complaint *for the first time* in order to:

(1) dismiss Harry and David, LLC as a Defendant;

(2) dismiss the FLSA claim that bonuses were not properly included when calculating the appropriate overtime rate of pay for agents;

**PAGE 2 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

(3) dismiss the allegation that agents were clocked out intermittently throughout each shift (other than time before clocking in, during unpaid meal period, and after clocking out);

(4) replace references to "1-800-Flowers" with "Harry & David" and references to "call center workers" with "call center agents";

(5) amend the collective action allegations to reflect that Plaintiff represents the Opt-In Plaintiffs whose claims are at issue in this litigation;

(6) amend the Rule 23 class action allegations to reflect the precise class definition certified by the Court; and,

(7) conform the factual allegations and legal claims to the discovery and prior briefing in this case.

In short, this Motion seeks to ensure the Complaint accurately reflects the current posture of this litigation, including the correct identity of the parties, the claims being pursued, and the allegations supported by the proof to date. It adds no new legal claims and, in fact, dismisses a Defendant and a legal claim. It is the first amendment prior to entry of a pretrial order and is being made with three months of discovery remaining. It will, therefore, occasion neither delay nor prejudice to Defendant.

## II. PROCEDURAL BACKGROUND

### A. Filing of the Initial Complaint

Plaintiff filed this case on behalf of herself and similarly situated agents to recover unpaid wages and other damages under the FLSA and Oregon law on March 8, 2018. (Doc. No. 1). Plaintiff asserted the FLSA claims on a collective basis, pursuant to 29 U.S.C. § 216(b), and the Oregon claims on a class basis, pursuant to Fed. R. Civ. P. 23. The Complaint asserted claims against 1-800-Flowers Team Services, Inc., 1-800-Flowers Service Support Center, Inc., and 1-800-Flowers.com, Inc. (Doc. No. 1). After conferring with counsel for these Defendants and the current Defendants, the parties stipulated to the modification of the caption and the replacement

PAGE 3 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

of the 1-800-Flowers entities with the current Defendants. (Doc. No. 35).

### B. Conditional Certification of this Case as a Collective Action

Plaintiff sought conditional certification and notice to similarly situated call center agents on August 13, 2018. (Doc. No. 45). On December 13, 2018, the Magistrate Judge recommended that this motion be granted but ordered the parties to confer regarding the appropriate class definition. (Doc. No. 64). The specific dispute regarding the class definition was Defendants' claim that Defendant Harry and David, LLC (which employed agents to handle "business-to-business" calls) did not operate the Medford, Oregon call center. *See id.* (ordering parties to confer on collective definition "[c]onsidering Defendants' argument that only one of the two defendants operates a 'call center'"). The parties reached agreement on the class definition, limiting it to call center agents at Harry & David Operation, Inc.'s Medford, Oregon call center (Doc. No. 68), and the District Judge adopted the Magistrate Judge's recommendation on January 15, 2019. (Doc. No. 69). Harry & David provided a class list based on this class definition, and notice was sent. (Doc. No. 74). More than 260 FLSA Plaintiffs joined.

Subsequently, at Plaintiffs' request, Harry & David identified all individuals it contended did not fall within the class definition during the relevant time period (*i.e.*, three years prior to the date on which their consent forms were filed). To more narrowly tailor the group of FLSA Opt-In Plaintiffs, on March 12, 2020, Plaintiff filed an unopposed motion to dismiss 40 Opt-In Plaintiffs identified as individuals who did not work in primarily call-handling positions at the Medford, Oregon call center in the three-years preceding the filing of their consent forms with the Court. (Doc. No. 148). This Motion was granted on March 17, 2020. (Doc. No. 149). The only FLSA Opt-In Plaintiffs who have claims at issue in this litigation are those who worked in primarily call-handling positions at the Medford, Oregon call center at some point in the three years prior to when

**PAGE 4 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

they filed their consent forms to join this action.

### C. Initial Discovery Period in Advance of Briefing Rule 23 Class Certification and FLSA Decertification Motions

The Court has staged the discovery schedule in this case. There was an initial discovery period leading up to the briefing of Rule 23 class certification and decertification of the FLSA collective action, which ended January 10, 2020. (Doc. No. 127). Under the previous schedule, the deadline for motions to amend was September 10, 2018. (Doc. No. 43).

During this initial discovery period, the parties engaged in extensive written and deposition discovery prior to briefing Rule 23 class certification and FLSA decertification. Harry & David deposed 32 of the FLSA Plaintiffs, received written discovery responses from Named Plaintiff and 69 other FLSA Opt-In Plaintiff Plaintiffs (including 54 who were not deposed),[2] and deposed Plaintiff's expert regarding her class certification report. Plaintiff also took extensive written and deposition discovery and deposed Harry & David's rebuttal expert. Following this discovery period, the parties briefed class certification and decertification, among other issues.

### D. Certification of Rule 23 Class and Denial of Decertification of Collective Action

After both sides had taken significant discovery, Plaintiff filed a motion seeking the certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3). (Doc. No. 134). At the same time, Defendants moved the Court to decertify the FLSA collective action (Doc. No. 142).[3] Both motions were fully briefed on May 27, 2020. (Doc. Nos. 134, 159, and 165; Doc. Nos. 142, 161, and 167). Harry & David also later filed two separate motions seeking to exclude

---

[2] In other words, Defendants received written and/or deposition testimony from at least 86 FLSA Plaintiffs.

[3] Harry & David originally filed this motion on February 28, 2020, (Doc. No.133), but filed a corrected motion on March 2, 2020.

**PAGE 5 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

evidence of Plaintiff Harrison's damages (Doc. No. 155) and to strike Plaintiff's expert report (Doc. No. 157). These motions were fully briefed on June 26, 2020. (Doc. Nos. 155, 169, and 175; Doc. Nos. 157, 171, and 173). The Magistrate Judge recommended that Plaintiff's Motion be granted and that Defendants' Motions be denied (Doc. No. 180), Defendants objected (Doc. No. 183), and Judge Aiken adopted that recommendation on all issues (Doc. No. 191). Thus, Plaintiff's Oregon state law claims have been certified pursuant to Fed. R. Civ. P. 23(b)(3) and this Court has found collective treatment of the claims of Plaintiff and the Opt-In Plaintiffs under the FLSA appropriate pursuant to 29 U.S.C. § 216(b).

The briefing on these motions and Defendants' objections to the Magistrate Judge's recommendations was voluminous. In the course of this briefing, the parties addressed Plaintiff's allegations under Oregon state law and the FLSA in detail, with reference to relevant case law and detailed citations to the factual record in this case. In other words, this briefing left little room for confusion about what Plaintiff is claiming and how Plaintiff believes the facts support those claims.

Pursuant to this Court's order granting class certification, a class of more than 4,200 call center agents is currently receiving notice of this action pursuant to Fed. R. Civ. P. 23(c)(2)(B). Class notice was sent on April 30, 2021, and the deadline for class members to seek to exclude themselves is July 29, 2021. (Doc. No. 198).

### E. Remaining Discovery

The parties and the Court contemplated discovery following any ruling certifying this case as a Rule 23 class action, and the Court has entered a scheduling order to that effect. Under the current scheduling order, discovery is ongoing and is set to end on September 10, 2021. (Doc. No. 201). Plaintiff now seeks to simply conform her Complaint to these prior proceedings and the factual record in this case.

**PAGE 6 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

III.  **FACTUAL BACKGROUND AND LEGAL CLAIMS**

Plaintiff has described the facts of this case in great detail in the briefing of class certification and decertification, with citations both to testimony and documentary evidence in the record. (Doc. No. 134 at 9-18; Doc. No. 161 at 9-21; Doc. No. 165 at 8-16; Doc. No. 184 at 10-14). Plaintiff also described in this briefing how these facts resulted in violations of the FLSA and Oregon law, with specific reference to relevant legal authority. (Doc. No. 134 at 18-24; Doc. No. 161 at 8 and 23-29; Doc. No. 165 at 11-12 and 16-26; Doc. No. 184 at 6-8). Rather than regurgitating the factual and legal background again here, Plaintiff provides the following summary, excerpted from her Response opposing Harry & David's objections to the Magistrate Judge's recommendation that Rule 23 class certification be granted and decertification of the FLSA collective action be denied:

> [A]ll agents were subject to the following unlawful timekeeping system, that resulted in them performing work without pay in the same way:
>
> First, *all* agents must swipe a badge to enter the call center, pick up supplies, and complete a multistep process in order to clock-in. *See* (Doc. No. 134 at 9-11); (Doc. No. 161 at 9-10).
>
> Second, *all* agents must complete a multistep process after clocking out and dispose of used supplies before leaving the call center. *See* (Doc. No. 134 at 9-11); (Doc. No. 161 at 9-10).
>
> Third, *all* agents must be clocked in within 30 minutes of clocking out for their unpaid meal period, requiring them to perform uncompensated activities at the beginning and end of each meal period. *See* (Doc. No. 134 at 13-15); (Doc. No. 161 at 12-14). Thus, Harry & David's timekeeping system makes a full, 30-minute meal period relieved of their duties impossible. *Id.*
>
> Fourth, until August 2018, Harry & David rounded work time to the nearest quarter hour, which, in tandem with attendance requirements, benefitted Harry & David more frequently than its agent employees, in violation of the FLSA and Oregon law. *See* (Doc. No. 134 at 12-13); (Doc. No. 161 at 11-12); (Doc. No. 165 at

PAGE 7 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

> 11-12, 12 n.5). This resulted in unpaid off-the-clock work prior to clocking in, during unpaid meal periods, and after clocking out.
>
> <u>Fifth</u>, Harry & David knew about the time agents spent performing compensable tasks off-the-clock because it tracks their activities to the second, could have recorded those activities for pay purposes but did not, and ignored complaints and suggestions that would have resulted in those activities being properly compensated. *See* (Doc. No. 134 at 15-18); (Doc. No. 161 at 15-21).

(Doc. No. 184 at 13-14).

As Plaintiff pointed out there, this timekeeping system violates the FLSA and Oregon law because it fails to record and pay agents' for all compensable work time and Oregon law specifically because it does not ensure agents receive a full, uninterrupted 30-minute meal period. (Doc. No. 184 at 6-8); *see also, e.g.*, Complaint ¶ 19 (this case is about how "[t]he timekeeping system employed by [Defendants] does not capture all the time its call center workers spend working each day," including "off-the-clock work activities without pay prior to the beginning of their scheduled shift, during the beginning and end of their 30-minute unpaid meal breaks, [and] after clocking out at the end of their scheduled shifts.").

Thus, Plaintiff's core claim is that she and other agents were not paid for all time worked under the FLSA and Oregon laws. *See, e.g.*, *id.* ¶ 2 (Doc. No. 1) (Defendants "ha[ve] a common policy and practice of failing to pay [their] call center workers for all time worked."); *see also id.* ¶¶ 19, 34-37, 46-47, 74-78. Plaintiff has specifically alleged that she and other "call center workers perform off-the-clock work activities without pay prior to clocking in at the beginning of their scheduled shifts, during the beginning and end of their 30-minute unpaid meal breaks, [and] after clocking out at the end of their scheduled shifts . . . ." *Id.* ¶ 3. "For example, some of this off-the-clock work includes work activities before their paid shifts begin, including, without limitation, activities related to the operation of their computers." *Id.* And, Plaintiff specifically "seeks to

**PAGE 8 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

recover all available damages for [Defendants'] failure to pay all wages owed to her and those she seeks to represent under the FLSA and Oregon state law." *Id.* ¶ 1.

IV. **ARGUMENT**

    A. **Legal Standard**

Plaintiff seeks leave to amend her complaint for the first time in this case, pursuant to Fed. R. Civ. P. 15(a)(2). "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). When exercising its discretion on a motion to amend, the court should be guided by the underlying purpose of Rule 15(a), which is "to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Thus, leave to amend is to be granted with "extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). However, in examining these factors, "[t]he Ninth Circuit has cautioned that a court may decline to grant leave to amend only if there is ***strong evidence*** undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Torch v. Windsor Surry Co.*, No. 3:17-CV-00918-AA, 2017 WL 4833438, at *1 (D. Or. Oct. 24, 2017) (quoting *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)) (internal quotation marks omitted) (emphasis added).

**PAGE 9 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Of all the factors, it is "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In evaluating prejudice, courts often consider whether "relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of the amendment, the extent to which additional discovery would have to be conducted and the degree to which amendment may delay the proceedings." *Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend." *Knight v. Curry Health Dist.*, No. 1:15-CV-01851-CL, 2016 WL 5719686, at *1 (D. Or. Sept. 29, 2016) (citing *Eminence Capital, LLC*, 316 F.3d at 1052). Thus, "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion. *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

### B. The proposed amendments are appropriate and should be permitted.

Plaintiff has attached the proposed First Amended Complaint in a manner that shows all of the proposed edits. The proposed amendments, described above, are clearly the sorts of amendments permissible under Rule 15(a).

First, dismissing of a Defendant only narrows the scope of this litigation and is consistent with the scope of this case. As noted above, this case was limited at the FLSA notice stage by agreement to call center agents at **Harry & David Operations, Inc.'s** Medford, Oregon call center. In other words, the parties agreed early on not to include whatever call center agents worked for Harry and David, LLC. Similarly, Plaintiff is dismissing any claim that: (1) Harry & David improperly calculated the regular rate due to a failure to account for non-discretionary bonuses under the FLSA for purposes of calculating the overtime rate; and (2) Harry & David improperly

PAGE 10 -   PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

clocked call center agents out for pay purposes throughout each shift (at times other than the beginning, the meal period, and end of the shift), causing them to be working without pay during those periods.

Second, the replacement of references to "1-800-Flowers" with references to "Harry & David" and references to "call center workers" with references to "call center agents" does not make a substantive change to the pleadings, but simply conforms the operative complaint to the factual record of this litigation. The 1-800-Flowers entities named in the initial Complaint were, as noted above, long ago dismissed, so the references to "1-800-Flowers" are simply confusing. Furthermore, discovery has revealed that the term "call center agent" is a more common and appropriate term for the employees at issue, and that was the term used throughout the briefing decertification, class certification, and other motions more recently decided.

Third, the amendments to the collective action and class action allegations ensure that the operative Complaint will accurately reflect the scope of the case. *See* First Amended Complaint ¶¶ 56-71. The scope of the case had not yet been determined at the time of filing the initial Complaint. Subsequently, FLSA notice resulted in more than 260 individuals joining by filing consent forms (of whom 40 were dismissed without prejudice), and the Rule 23 certification decision certified a class consisting of more than 4,200 members. These allegations are amended to reflect: (1) Plaintiff's pursuit of her FLSA claims on behalf of herself and the Opt-In Plaintiffs who remain in the case; and (2) the exact Rule 23 class definition that was certified by the Court.

Fourth, the proposed amendments conform the factual allegations and legal claims to the discovery and prior briefing in this case. These changes can be summarized as follows:

> (1) Providing more detail about the ways in which "[t]he timekeeping system employed by [Harry & David] does not capture all the time its call center workers spend working each day," including details about attendance policies, as well as pre-

PAGE 11 -   PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

    shift, meal period, and post-shift activities and rounding;

(2) Providing more detail about Harry & David's willfulness with respect to its wage-and-hour violations; and,

(3) Removing all references to final paycheck penalties (*i.e.*, those relating to pay at termination of employment) and making clear that the only penalties sought are those stemming from wage-and-hour violations.

These allegations were comfortably within the allegations of the initial Complaint, which as noted above sought "all available damages," *id.* ¶ 1, (*i.e.*, unpaid wages, penalties, liquidated damages, attorneys' fees, costs, etc.) resulting from the fact that "[t]he timekeeping system employed by [Defendants] does not capture all the time its call center workers spend working each day," *id.* ¶ 19. They simply add detail and make the complaint a more precise reflection of the proof in this case.

  C. **None of the factors weighing against allowing amendment are present.**

  First, the amendment will occasion no delay nor was there any undue delay. "[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 187. There are three months left to complete discovery in this action and more than seven months before dispositive motions. Each amendment to the complaint reflects the procedural history of this case (*i.e.*, dismissing a Defendant, modifying the scope in the collective and class allegation sections, and replacing references to "1-800-Flowers" and "call center workers") or the detailed discovery to date (dismissing claims and providing details that conform the factual and legal allegations to the proof). In other words, the parties have taken discovery on all of these issues and the proposed amendments simply reflect that. For example, in exploring how Harry & David's timekeeping system resulted in work off the clock without pay, the parties learned—from dozens of witnesses and documents—about the more specific processes required prior to clocking in, during the meal period, and after clocking out, as well as the way in which rounding and

PAGE 12 -   PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

attendance policies resulted in compensable time not being recorded for pay purposes. Again, this evidence has been cited in detail in prior briefing as set forth in Section III, *supra*.

Second, there has been no bad faith or dilatory motive. "Bad faith exists if the amendment indicates that the plaintiff asserts baseless claims in an effort to prolong litigation." *Knight*, 2016 WL 5719686, at *1 (citing *Griggs v. Pace American Corp, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)). This amendment is the first sought by Plaintiff, is being sought with three months of discovery remaining, adds no claims or parties (and, in fact, dismisses a party and two claims), and is occasioned by the need to ensure the complaint conforms to the developments that have occurred in the case. Plaintiff will not seek to make any additional amendments prior to the pretrial order.

Third, this is not an instance where there has been a failure to cure deficiencies despite repeated amendments being allowed. On the contrary, this is the ***first*** amendment Plaintiff has sought.

Fourth, the amendment is not futile. Again, the proposed amendment does not seek to add claims, parties, or any other allegations. Instead, it dismisses a party, dismisses claims, and provides clarity and detail from discovery related to the current allegations and claims in the operative Complaint. Harry & David certainly cannot meet its burden of showing that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim" or that the amendment is "either duplicative of existing claims or patently frivolous, or both." *Torch v. Windsor Surry Co.*, No. 3:17-CV-00918-AA, 2017 WL 4833438, at *2 (D. Or. Oct. 24, 2017) (citations and internal quotation marks omitted).

Fifth, the predominant factor—undue prejudice—is simply not present in this case. "When considering whether an amendment would be prejudicial, the Court considers the additional expense and delay imposed on the non-moving party." *Knight*, 2016 WL 5719686, at *2 (citing

**PAGE 13 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

*Crane v. United States*, No. 3:10–68–AC, 2011 WL 7277317, at *9 (D. Or. Nov. 29, 2011), *report and recommendation adopted*, 2012 WL 442748 (D. Or. Feb. 9, 2012)). However, "[t]he need to conduct additional discovery does not alone constitute undue prejudice warranting denial of a motion to amend." *Id.* at *2 (quoting *Onions Etc., Inc. v. Z & S Fresh, Inc.*, 1:09–cv–00906–OWW–MJS, 2011 WL 2433354, at *4 (E.D. Cal. June 13, 2011)) (alteration in original). Harry & David, as the party opposing the motion to amend, bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, there will be no additional expense or delay. The dismissal of a party and claims will not add any expense or delay to this litigation, but rather will streamline the litigation of the claims at issue in a manner consistent with the record of this litigation. Furthermore, even with respect to the amendments that add detail and clarify the nature of the claims, Harry & David has already deposed and taken written discovery more than 80 FLSA Plaintiffs, on whose testimony, along with Harry & David's policy documents and the testimony of Harry & David's management witnesses and corporate designees, these amendments were based. Indeed, the ability to make these amendments is due in large part to the thoroughness with which Harry & David and Plaintiff have explored the claims in this case. This is, of course, evidenced by the fact that the factual record of this case has been cited in detail in prior briefing as set forth in Section III, *supra*. Finally, as noted above, there are three months remaining in discovery and seven before dispositive motions, leaving ample time for any discovery related to any of Plaintiff's proposed amendments.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint should be granted.

DATED this 7th day of June, 2021.

**PAGE 14 -      PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC

By: /s/ Joshua A. Frank
**David W. Garrison** (admitted *pro hac vice*)
**Joshua A. Frank** (admitted *pro hac vice*)

Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
Email: dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

-and-

**Steve D. Larson,** OSB No. 863540
**Jennifer S. Wagner,** OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: slarson@stollberne.com
jwagner@stollberne.com

-and-

**Peter Winebrake** (admitted *pro hac vice*)
**Mark J. Gottesfeld** (admitted *pro hac vice*)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Facsimile: (215) 884-2492
Email: pwinebrake@winebrakelaw.com
mgottesfeld@winebrakelaw.com

Attorneys for Plaintiff

**PAGE 15 -    PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** on the following named person(s) on the date and manner indicated below:

[ ] By Hand Delivery
[ ] By Overnight Delivery
[ ] By Facsimile Transmission
[X] CM/ECF
[ ] By U.S. Mail, contained in a sealed envelope, with postage prepaid, addressed to said person(s) at the last known address of each shown below and deposited in the United States Post Office on said day
[ ] By Email

| | |
|---|---|
| Karen L. O'Connor<br>John Baird Dudrey<br>Stoel Rives LLP<br>760 S.W. Ninth Ave.<br>Suite 3000<br>Portland, OR 97205<br>503-294-9291<br>503-220-2480 (fax)<br>karen.oconnor@stoel.com<br>john.dudrey@stoel.com<br><br>Attorneys for Defendants | Christine M. Snyder<br>Daniel L. Messeloff<br>Tucker Ellis, LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113<br>Christine.Snyder@tuckerellis.com<br>Daniel.Messeloff@tuckerellis.com<br><br>Attorneys for Defendants |

DATED this 7th day of June, 2021.

By: /s/ Joshua A. Frank
**Joshua A. Frank** (admitted *pro hac vice*)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219

PAGE 1 -    CERTIFICATE OF SERVICE