IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JENNIFER HARRISON, on behalf of
herself and others similarly situated,

        Plaintiff,

v.

HARRY & DAVID OPERATIONS, INC.,
and HARRY AND DAVID, LLC,

        Defendants.

Case No. 1:18-cv-00410-CL

OPINION AND ORDER

---

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff's motion for leave to file a first amended complaint (#202). After consideration of the parties' respective positions, Plaintiff's motion is GRANTED.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 15(a) creates a liberal policy in favor of granting leave to amend "so that matters may be decided on merit rather than 'bare pleadings.'"

*Heffington v. Gordon*, No. 3:16-cv-02079- AC, 2017 U.S. Dist. LEXIS 119425, *2 (D. Or. July 28, 2017) citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Of all the factors, it is "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In evaluating prejudice, courts often consider whether "relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of the amendment, the extent to which additional discovery would have to be conducted and the degree to which amendment may delay the proceedings." *Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend." *Knight v. Curry Health Dist.*, No. 1:15-CV-01851-CL, 2016 WL 5719686, at *1 (D. Or. Sept. 29, 2016) (citing *Eminence Capital, LLC*, 316 F.3d at 1052).

Defendant's reasons for objecting to Plaintiff's proposed amendments are (1) Plaintiff knew about all the allegations she seeks to add to her complaint since before she filed her original complaint; and (2) discovery ends in September 10, 2021. Neither of these reasons convince the Court that defendants will be prejudiced by the amended complaint.

The proposed amendments ensure that the operative complaint will accurately reflect the scope of the case. This case has already gone through class certification and decertification motions where the facts and allegations have been described in great detail with citations to

testimony and documentary evidence in the record. None of the proposed amendments are a surprise to the Court. The majority of the amendments, if not all, seem to be based on the discovery that has already been done in this case. Should defendants need to conduct further discovery related to Plaintiff's amendments, they have more than two full months to do so, and even more time for expert discovery. Therefore, leave to amend the complaint is granted.

IT IS SO ORDERED.

DATED this 28 day of June, 2021.

MARK D. CLARKE
United States Magistrate Judge