**David W. Garrison** (admitted *pro hac vice*)
**Joshua A. Frank** (admitted *pro hac vice*)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

Attorneys for Plaintiff

[Additional counsel listed on signature block]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER HARRISON, on behalf of herself and all others similarly situated, | Case No. 1:18-cv-00410-CL |
| Plaintiff, | **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT** |
| v. | |
| HARRY & DAVID OPERATIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## INTRODUCTION

1.     Plaintiff Jennifer Harrison ("Plaintiff") brings this lawsuit on behalf of herself and all similarly situated individuals as a collective action under Section16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Harry & David Operations, Inc. ("Harry & David"). Plaintiff also asserts a claim under the Oregon wage statutes and implementing regulations against Harry & David, both as a supplemental claim on behalf of herself and similarly situated employees who opt into this action pursuant to 29 U.S.C. § 216(b)

Page 1 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

and as a class claim pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and those she seeks to represent pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 are current and former hourly-paid call center agents at Harry & David's Medford, Oregon call center who have worked in call-handling positions. Plaintiff seeks to recover all available damages for Harry & David's failure to pay all wages owed to her and those she seeks to represent under the FLSA and Oregon state law.

2.      Harry & David has a common policy and practice of failing to pay its call center agents for all time worked. Harry & David expects call center agents to adhere strictly to their schedules by, among other things, clocking in and out at scheduled times, taking paid and unpaid periods when scheduled, and spending as much of their scheduled shift as possible available to handle phone calls. In order to meet these expectations, Harry & David's call center agents spend time each shift performing work activities without compensation.

3.      Specifically, Harry & David's call center agents perform off-the-clock work activities without pay prior to clocking in at the beginning of their scheduled shifts, during the beginning and end of their 30-minute unpaid meal periods, and after clocking out at the end of their scheduled shifts. Through these policies and practices, Harry & David deliberately fails to pay its employees for all time worked, including overtime, in willful violation of the FLSA and Oregon state law.

4.      On behalf of herself and those she seeks to represent, Plaintiff seeks relief for, *inter alia*, unpaid wages, liquidated damages, penalties, prejudgment interest, costs, and attorney's fees.

### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims under

Page 2 -      **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

28 U.S.C. § 1331 and 29 U.S.C. §§ 201, *et seq.*

6.    This Court has supplemental jurisdiction over Plaintiff's Oregon state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

7.    Venue for this action properly lies in the District of Oregon, pursuant to 28 U.S.C. § 1391, because Harry & David conducts business in this judicial district, is subject to the Court's personal jurisdiction, and resides in this district pursuant to 28 U.S.C. § 1391(c)(2).

## PARTIES

8.    Plaintiff Harrison resides in Tillamook, Tillamook County, Oregon. Plaintiff worked for Harry & David as a customer service representative at its Medford, Oregon call center from about October 2014 through about May 2015, from about September 2015 through about December 2015, and from about October 2016 through about December 2016.

9.    Defendant Harry & David Operations, Inc. is a Delaware Corporation doing business in Medford, Jackson County, Oregon. Its principal office is located at 2500 S. Pacific Highway, Medford, Oregon 97501.

10.    At all relevant times, Harry & David has been regularly engaged in interstate commerce.

11.    At all relevant times, Harry & David has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

12.    At all relevant times, Harry & David has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

## FACTS

13.    Harry & David operates a call center located in Medford, Oregon.

Page 3 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

14.     Harry & David has employed thousands of individuals its Medford, Oregon call center to handle calls on behalf of the 1-800-Flowers.com, Inc. Family of Brands (for example, Harry & David, FruitBouquets.com, The Popcorn Factory, etc.) (referred to herein as "call center agents").

15.     Plaintiff and the similarly situated employees she seeks to represent are call center agents at Harry & David's Medford, Oregon call center who spend the majority of their work time on the phone handling calls on behalf of the 1-800-Flowers.com, Inc. Family of Brands (for example, Harry & David, FruitBouquets.com, The Popcorn Factory, etc.).

16.     Harry & David classifies Plaintiff and its other call center agents as "non-exempt" under the FLSA and pays them on an hourly basis.

17.     Harry & David has instructed, required, and/or permitted Plaintiff and its other call center agents to perform work "off the clock" without compensation.

18.     As set forth below, the timekeeping system employed by Harry & David does not capture all the time call center agents spend on compensable work each shift in two ways:

(a) First, Harry & David requires its call center agents to perform compensable work activities off the clock without pay prior to clocking into their Online Time Card ("OTC") for their scheduled shifts, during the beginning and end of their 30-minute unpaid meal periods, and after clocking out at the end of their scheduled shifts; and,

(b) Second, until in or around August 2018, Harry & David's timekeeping system rounded the total time call center agents worked each shift to the nearest quarter hour, and, as a result of its attendance policies, this rounding benefited Harry & David significantly more frequently than Plaintiff and other call

Page 4 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

center agents, effectively "rounding away" compensable time captured by recorded OTC time punches.

19.     Much of this uncompensated work time is in excess of 40 hours in a week.

**I.     Harry & David's Attendance and Timeliness Policies**

20.     Harry & David has policies governing attendance and timeliness at all parts of call center agents' shifts.

21.     At the beginning of each shift, Harry & David requires and expects its call center agents, including Plaintiff, to be ready and available to handle calls and process customer service requests at the time when their shift is scheduled to start.

22.     Harry & David has policies prohibiting call center agents from arriving late to work and limiting how early call center agents may clock in at the beginning of each shift. Specifically, call center agents were not permitted to clock in more than two (2) minutes prior to their scheduled shift start times, a limitation that was later changed for all call center agents to five (5) minutes prior to their scheduled shift start times.

23.     Harry & David's policies governing meal periods for call center agents prevents them from having 30 minutes or more for their meal period.

24.     Harry & David tracks each of its call center agents' time spent on his or her meal periods on a daily basis.

25.     The system of record for attendance was previously the Max phone. Harry & David began using OTC to track attendance some point after switching from an Avaya phone switch to InContact for call routing. Harry & David has also used Genesys for its call center routing. Regardless of which computer software it used at the time, Harry & David has maintained records of when its employees were working and when they were on a meal period.

Page 5 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

26.     In other words, Harry & David required call center agents to be clocked into OTC or, previously, in an appropriate available Max phone status within 30 minutes of logging out of that system.

27.     However, Harry & David prohibits call center agents from remaining at their workstations during their unpaid meal period.

28.     At the end of each shift, Harry & David requires and expects Plaintiff and other call center agents to remain clocked in and available to handle telephone calls until the time when their shifts are scheduled to end.

## II.    Harry & David's Timekeeping System

29.     Harry & David requires Plaintiff and other call center agents to clock in and out at the beginning and end of their scheduled shifts and for meal periods using OTC.

30.     OTC records their time punches to the minute.

31.     However, Harry & David's timekeeping system does not capture all time worked by Plaintiff and other call center agents because these punches did not capture all work call center agents perform (as set forth in detail below) and because until in or around August 2018, Harry & David rounded the total amount of time call center agents worked consistently in Harry & David's favor for pay purposes.

32.     Specifically, until in or around August 2018, Harry & David rounded the total amount of time worked to the nearest quarter hour. For example, 8 hours and 7 minutes of recorded work time captured by a call center agent's OTC time punches would round down to 8 hours for pay purposes, whereas 8 hours and 8 minutes of recorded work time would round up to 8 hours and 15 minutes for pay purposes.

33.     Harry & David's strict attendance requirements limited the amount of call center

Page 6 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

agents' recorded work beyond the amount of time they were scheduled to work.

34.    By doing this, Harry & David's rounding system and attendance requirement benefitted Harry & David significantly more frequently than Plaintiff and other call center agents by rounding their recorded work time down.

35.    Thus, Harry & David's timekeeping system failed to capture all time worked by Plaintiff and other call center agents for pay purposes.

### III.    Off-the-Clock Pre-Shift Work

36.    In order to meet Harry & David's attendance requirements and work expectations at the beginning of each shift, Harry & David's call center agents, including Plaintiff, must arrive several minutes before their scheduled shift start times.

37.    Upon arriving, call center agents use a badge to enter the call center floor and perform several activities necessary to be prepared to perform their jobs prior to clocking in for their shifts, including but not limited to the following:

> (a) retrieve supplies and equipment (*e.g.*, clean foam covers for microphones and headsets known as "muffies," scratch paper and pencils for notes during calls, catalogues, disinfectant wipes, etc.) near the entrance;
>
> (b) locate and walk to an available workstation;
>
> (c) unlock and log into the computer;
>
> (d) start up and log into various programs, applications, and systems; and,
>
> (e) open and log into OTC and follow several steps to clock in for the shift.

38.    Once Plaintiff and other call center agents make themselves available for calls, they begin to receive calls. If Plaintiff or other call center agents activate their phones before performing the tasks identified above and completing other essential tasks, such as reading

Page 7 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

updates, then they are unprepared and unable to handle calls or fulfill customer requests.

39.     Harry & David does not pay call center agents for the time spent performing these integral and indispensable pre-shift tasks while they are necessarily on Harry & David's call center floor for their jobs.

## IV.    Off-the-Clock Work During 30-Minute Unpaid Meal Periods

40.     As set forth above, in order to meet Harry & David's attendance requirements and work expectations for their unpaid meal period, call center agents, including Plaintiff, must log out of the system of record for attendance, fully vacate their workstations, and return in sufficient time to be logged back into the system of record within 30 minutes of logging out of it.

41.     Harry & David requires and expects Plaintiff and other call center agents to, among other things, switch to an unavailable status in the phone system and clock out of OTC, log out of and/or close computer programs, applications, and systems, and to log out of or lock their computers, and vacate their workstations, after clocking out for their 30-minute unpaid meal period.

42.     Before clocking back in at the end of the 30-minute meal period, Harry & David requires and expects Plaintiff and the other call center agents to return to a workstation, unlock and log back into their computers, bring up and/or log into all necessary programs, applications, and systems which call center agents logged out of, clock into OTC, and switch to an available status in the phone system.

43.     Call center agents must cut their unpaid meal period short by performing the activities identified above and returning from their meal period in enough time to be logged into the system of record for attendance within 30 minutes of logging out of the same system.

44.     As a result of Harry & David's meal period policy, call center agents do not

Page 8 -        **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

receive a full 30-minute meal period continuously relieved of their duties.

45.    Furthermore, the activities performed while clocked in during the unpaid meal period are necessary to the jobs Plaintiff and other call center agents perform.

46.    If call center agents activate their phones before these programs, applications, and systems are up and running, then they are unprepared and unable to handle calls or fulfill customer requests when they are expected to by Harry & David.

47.    Harry & David does not pay its call center agents for the work activities performed during their 30-minute unpaid meal period.

**V.    Off-the-Clock Post-Shift Work**

48.    As set forth above, Harry & David's attendance policy and work expectations for Plaintiff and other call center agents at the end of each shift requires them to remain clocked in and available to handle telephone calls until the time when their shifts are scheduled to end.  To meet this policy, Plaintiff and other call center agents must remain on the call center floor performing activities necessary for their jobs after clocking out.

49.    At the end of their scheduled shifts, Plaintiff and other call center agents clock out of OTC and remain on Harry & David's call center floor after clocking out to perform certain additional work activities pursuant to Harry & David's policies and procedures, including but not limited to: following multiple steps in OTC to review, edit, and comment on their time for the shift; log out of and close various programs, applications, and systems; lock and log out of or shut down their computers; remove used "muffies," scratch paper, pencils, catalogues, and personal belongings; and vacate their workstations, dispose of used "muffies" and scratch paper, and return catalogues, unused scratch paper, and pencils while exiting the call center.

50.    Harry & David does not pay its call center agents for these integral and

Page 9 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

indispensable post-shift tasks, which are necessary for the workers' principal activity of assisting customers on behalf of the Harry & David.com, Inc. Family of Brands (for example, Harry & David, FruitBouquets.com, The Popcorn Factory, etc.).

## VI.    Unpaid Overtime Work

51.    During her time working at Harry & David, Plaintiff was scheduled to work for 40 hours or more per week. Because of Harry & David's pay and timekeeping practices, as described above, she actually worked more than these scheduled hours each week.

52.    Plaintiff estimates that she worked several minutes each day (prior to clocking in for her scheduled shift, during the beginning and end of her 30-minute unpaid meal period, after clocking out at the end of her scheduled shift, and at other times while clocked out during the continuous workday), performing the activities described above for which 1-800-Flowers did not pay her.

53.    If Defendant would have recorded and paid Plaintiff for this time, much of it would have resulted in overtime.

54.    Other call center agents, like Plaintiff, were scheduled to work 40 hours or more each workweek and, as described above, spent time each shift working off the clock over and above their scheduled shifts. Thus, Plaintiff and all other similarly situated employees regularly worked overtime hours without being compensated at time and a half of their regular hourly rate for all of her hours above 40 in a week.

55.    As such, Harry & David's failure to pay all wages earned, including overtime compensation, due to the Harry & David Call center agents is ongoing and willful.

## COLLECTIVE ACTION ALLEGATIONS

56.    Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective

Page 10 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

action.

57.     On January 15, 2019, the Court conditionally certified this case as a collective action and authorized notice to potential Plaintiffs who were current and former hourly-paid call center agents at Harry & David's Medford, Oregon call center who had worked primarily in call-handling positions at any time since March 8, 2015. (Doc. No. 69).

58.     More than 260 individuals filed consent forms to join this action.

59.     Plaintiff worked with Harry & David to identify Opt-In Plaintiffs who did not fit within the collective definition and moved without opposition to dismiss the 40 Opt-In Plaintiffs identified as part of this process without prejudice. (Doc. No. 148). The Court granted this motion on March 17, 2020. (Doc. No. 149).

60.     On March 24, 2021, the Court denied Harry & David's motion to decertify the collective action. (Doc. No. 191).

61.     Plaintiff seeks to pursue her claims on behalf of herself and all individuals who remain opted into this action pursuant to 29 U.S.C. § 216(b). These individuals are referred to herein as the "Collective."

62.     Plaintiff and the Collective are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Harry & David had common compensation policies and practices that resulted in a failure to pay them for all hours worked, including overtime, as mandated by the FLSA.

63.     All, or virtually all, of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and the Collective. These issues include but are not limited to: (1) whether and to what extent Harry & David did not pay for all hours worked, (2) whether and to what extent these unpaid hours include hours worked over 40 in a workweek,

Page 11 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

and (3) whether and to what extent such overtime hours were compensated at one and one-half times the regular rate of pay.

### CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23

64.     Plaintiff brings her Oregon state law claims on her own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former hourly-paid call center agents at Harry & David's Medford, Oregon call center who at any time since March 8, 2012 have worked in call-handling positions. This includes the following positions: inbound phones (e.g., inbound sales specialists, inbound sales agents, sales and service specialists, and customer service agents), customer outreach marketing (or "COM"), and blended agents. This class does not include employees of Harry and David, LLC, nor does it include employees who never worked in a position listed above.

(the "Rule 23 Class"). The Rule 23 Class definition excludes employees who never worked in positions where they handled inbound and/or outbound calls. The Rule 23 Class is also not limited to the current job titles, but rather includes employees performing the job functions identified regardless of the job title.

65.     The Court certified the Rule 23 Class on March 24, 2021. (Doc. No. 191).

66.     Plaintiff is a member of the Rule 23 Class she seeks to represent.

67.     The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1). There are thousands of class members during the class period.

68.     All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Fed. R. Civ. P. 23(a)(2), including, but not limited to: (1) whether and to what extent Harry & David does not pay them for all hours worked, (2) whether and to what extent these unpaid hours include hours worked over 40 in a week, (3) whether and to what

Page 12 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

extent such overtime hours were compensated at one and one-half times the regular rate of pay, (4) whether Harry & David ensured Plaintiff and the Rule 23 Class actually received uninterrupted unpaid meal periods of at least 30 continuous minuts, and (5) whether Harry & David's violations of Oregon state wage and hour laws was willful.

69.    Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3). Harry & David's failure to pay for all time worked was not the result of any Plaintiff-specific circumstances. Rather, it arose from Harry & David's common payroll policies and practices, which it applied to all call center agents at its Medford, Oregon call center.

70.    Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Fed. R. Civ. P. 23(a)(4).

71.    By consistently failing to pay its call center agents for all hours worked, Harry & David has created a scenario where questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff is entitled to pursue her Oregon state law claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## FIRST CLAIM FOR RELIEF

### FLSA Overtime Violation

72.    All previous paragraphs are incorporated as though fully set forth herein.

73.    Plaintiff brings this claim on behalf of herself and the Collective, pursuant to

Page 13 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

29 U.S.C. § 216(b).

74.    At all times material to the allegations herein, Plaintiff and the Collective have been employees entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

75.    Harry & David is an employer covered by the FLSA.

76.    The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

77.    The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over 40 in a week. 29 U.S.C. § 207.

78.    Plaintiff and the Collective are or were victims of Harry & David's common compensation policies and practices that fail to record and compensate them for all time worked.

79.    Some of the uncompensated time at issue is time worked in excess of 40 hours per week.

80.    As a result, Harry & David has failed to compensate Plaintiff and the Collective for overtime hours in violation of the FLSA.

81.    Harry & David's failure to record and pay Plaintiff and the Collective for all compensable time worked violates the FLSA's recordkeeping requirements.

82.    Harry & David knew that Plaintiff and the Collective were engaged in activities outside of the time they were clocked into OTC pursuant to Harry & David's written and verbal policies and instructions.

83.    Harry & David knew or should have known that this unrecorded and uncompensated time was compensable under the FLSA, in light of, among other things: (1) a

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

case filed against Harry & David challenging the same pay scheme in the Southern District of Ohio, *Conklin et al. v. Harry & David.com, Inc., et al.*, No. 2:16-cv-675, in 2016; (2) dozens of other lawsuits challenging nearly identical compensation schemes for call center agents; (3) the U.S. Department of Labor's Fact Sheet #64, which can be easily retrieved via Google search and identifies many of the compensation practices alleged here as illegal; and (4) repeated verbal complaints from call center agents and their supervisors about the performance of these work activities off the clock without compensation, including both the required activities performed while not clocked into OTC and the fact that Harry & David's quarter-hour rounding consistently benefitted Harry & David over call center agents by rounding in Harry & David's favor.

84.      Harry & David knew it could feasibly record and pay Plaintiff and the Collective for all of the uncompensated time not captured by its timekeeping system for pay purposes because, among other things: (1) Harry & David recorded and tracked the time call center agents used their badges to enter the call center floor to the minute; (2) Harry & David placed "muffies," scratch paper, pencils, catalogues, and other supplies and equipment necessary for work very near the entrance, such that recording time using a time clock near the entrance would have captured all compensable work; (3) Harry & David tracks other employees' work time—for example, those in facilities where the goods it sells are packaged—in this manner; and (4) at least one supervisor specifically suggested during a meeting with management, including individuals with the authority to change Harry & David's practices that Harry & David should be tracking time worked by call center agents using a time clock near the entrance because it will capture all the time call center agents are necessarily at work performing activities for their jobs, also specifically noting that this system is used for other Harry & David employees.

85.      All of the above facts should have and/or did put Harry & David on notice that its

Page 15 -      **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

compensation scheme violates the FLSA and other state laws.

86.     Despite the fact that it knew or should have known that it was violating the law, Harry & David took no steps to investigate whether it was violating the law or to ensure that its timekeeping system recorded and paid Plaintiff and the Collective for all compensable time worked.

87.     Accordingly, Harry & David acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## SECOND CLAIM FOR RELIEF

### Oregon Wage and Penalty Claim Pursuant to ORS 653.055

88.     All previous paragraphs are incorporated as though fully set forth herein.

89.     Plaintiff also asserts this claim on behalf of herself and the Rule 23 Class as a class action pursuant to Fed. R. Civ. P. 23.

90.     At all relevant times, Plaintiff and the members of the Rule 23 Class have been employed by Harry & David within the meaning of ORS 653.010(2).

91.     Harry & David has, at all relevant times, been an employer within the meaning of ORS 653.010(3), OAR 839-020-0004(15).

92.     Pursuant to ORS 653.055, any employer who pays an employee less than the wages the employee is entitled to under ORS 653.010 through 653.261 is liable to the affected employee for the full amount of wages owed, less any amount actually paid and for civil penalties pursuant to ORS 652.150.

93.     Pursuant to ORS 653.261, the Commissioner of the Bureau of Labor and Industries is empowered to adopt and has adopted rules relating to overtime hours and meal and rest periods, among other conditions of employment. *See* OAR 839-020-0000, *et seq.*

Page 16 -     **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

94.     Employees are entitled under Oregon law to compensation for all hours worked, including hours worked over 40 in a week at one-and-one-half times their regular rates of pay. *See* ORS 653.261; OAR 839-020-0030.

95.     Under Oregon law, compensable "hours worked" includes "all hours for which an employee is employed by and required to give to the employer and includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place and all time the employee is suffered or permitted to work." OAR 839-020-0004(19); *see also* OAR 839-020-0040 through 839-020-0047; ORS 653.010(11).

96.     Plaintiff and the Rule 23 Class are victims of Harry & David's common compensation policies and practices that fail to record and compensate them for all hours worked.

97.     Time spent by Plaintiff and the Rule 23 Class arriving on Harry & David's premises and performing the uncompensated work activities described herein constitute compensable "hours worked" within the meaning of OAR 839-020-0004(19), 839-020-0040 through 839-020-0047, and "work time" as defined by ORS 653.010(11).

98.     Some of the uncompensated time at issue is time worked in excess of 40 hours per week.

99.     As a result, Harry & David has failed to compensate Plaintiff and the Rule 23 Class for all hours worked, including hours over 40 in a week at one-and-one-half times their regular rate of pay, in violation of the overtime provisions of the Oregon wage statutes and accompanying regulations. *See* ORS 653.261; OAR 839-020-0030.

100.    Harry & David's requirement that call center agents, including Plaintiff and the Rule 23 Class, log back into the system of record for attendance within 30 minutes of logging out

Page 17 -       **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202  FAX (615) 252-3798

of that system for their unpaid meal period prevents call center agents, including Plaintiff and the Rule 23 Class, from receiving a full, uninterrupted 30-minute unpaid meal period.

101.    Additionally, some of the unrecorded and uncompensated, compensable time at issue in this case was worked during their 30-minute unpaid meal periods as alleged herein.

102.    Time spent by Plaintiff and the Rule 23 Class performing the uncompensated work activities during their 30-minute unpaid meal periods described herein constitutes compensable "hours worked" within the meaning of OAR 839-020-0004(19), 839-020-0040 through 839-020-0047, and "work time" as defined by ORS 653.010(11).

103.    Under Oregon law, "every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties." ORS 653.261; OAR 839-020-0050(2)(a).

104.    Oregon law requires employers to pay employees for the entire 30-minute meal period "if an employee is not relieved of all duties for 30 continuous minutes during the meal period." ORS 653.261; OAR 839-020-0050(2)(b).

105.    Because Plaintiff and members of the Rule 23 Class are required to log into the system of record for attendance within 30 minutes of logging out of that system for their unpaid meal period and to perform work activities without compensation during their 30-minute unpaid meal periods, Harry & David has violated the meal period provisions of the Oregon wage statute and regulations.

106.    Plaintiff and the Rule 23 Class are entitled to recover all unpaid regular and overtime wages resulting from each instance in which they did not receive a full, uninterrupted, 30-minute unpaid meal period due to Harry & David's policies and practices described herein.

Page 18 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798

107.    Harry & David's failure to record and pay Plaintiff and the Rule 23 Class members for all compensable time worked violates the recordkeeping requirements of the Oregon wage statute and regulations.

108.    Harry & David knew that Plaintiff and the Rule 23 Class members were engaged in activities outside of the time they were clocked into OTC pursuant to Harry & David's written and verbal policies and instructions.

109.    Harry & David knew that Plaintiff and the Rule 23 Class members did not receive full, uninterrupted 30-minute unpaid meal periods.

110.    Harry & David specifically encouraged, both verbally and in writing, Plaintiff and the Rule 23 Class members to purchase and use timers to ensure they returned from their unpaid meal periods to log into the system of record for attendance within 30 minutes of logging out of that system. In other words, Harry & David specifically instructed Plaintiff and the Rule 23 Class members to cut their meal periods short and made suggestions on how to most effectively cut their meal periods short.

111.    Harry & David's call center agents carried and used these timers openly at Harry & David's express encouragement and could be and in fact were observed carrying and using these timers by Harry & David's managers and supervisors.

112.    Harry & David knew or should have known that this unrecorded and uncompensated time (including overtime and unpaid meal periods of less than a full, uninterrupted 30 minutes) was compensable under Oregon state law, in light of, among other things: (1) the presumption that an employer knows the requirements of the Oregon wage statutes and implementing regulations, *see* OAR 839-020-0004(33); (2) the fact that Harry & David has the means to inform itself regarding its obligations under the Oregon wage statute and

Page 19 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

regulations, but has elected not to do so; (3) a case filed against Harry & David challenging the same pay scheme under the FLSA and Ohio state law in the Southern District of Ohio, *Conklin et al. v. Harry & David.com, Inc., et al.*, No. 2:16-cv-675, in 2016; (4) dozens of other lawsuits challenging nearly identical compensation schemes for call center agents; (5) the U.S. Department of Labor's Fact Sheet #64, which can be easily discovered with a reasonably diligent inquiry, including via Google search, and identifies many of the compensation practices alleged here as illegal; and (6) repeated verbal complaints from call center agents and their supervisors about the performance of these work activities off the clock without compensation, including both the required activities performed while not clocked into OTC and the fact that Harry & David's quarter-hour rounding consistently benefitted Harry & David over call center agents by rounding in Harry & David's favor.

113.    Harry & David knew it could feasibly record and pay Plaintiff and the Collective for all of the uncompensated time not captured by its timekeeping system for pay purposes because, among other things: (1) Harry & David recorded and tracked the time call center agents used their badges to enter the call center floor to the minute; (2) Harry & David placed "muffies," scratch paper, pencils, catalogues, and other supplies and equipment necessary for work very near the entrance, such that recording time using a time clock near the entrance would have captured all compensable work; (3) Harry & David tracks other employees' work time—for example, those in facilities where the goods it sells are packaged—in this manner; and (4) at least one supervisor specifically suggested during a meeting with management, including individuals with the authority to change Harry & David's practices that Harry & David should be tracking time worked by call center agents using a time clock near the entrance because it will capture all the time call center agents are necessarily at work performing activities for their jobs,

Page 20 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

also specifically noting that this system is used for other Harry & David employees.

114.    All should have and/or did put Harry & David on notice that its compensation scheme violates the FLSA and other state laws, including Oregon state law.

115.    Despite the fact that it knew or should have known that it was violating the law, Harry & David took no steps to investigate whether it was violating the law or to ensure that its timekeeping system recorded and paid Plaintiff and the Collective for all compensable time worked.

116.    For these reasons, Harry & David's violations of the Oregon wage statute and regulations were knowing and willful, as defined under Oregon state law. *See* OAR 839-020-0004(33).

117.    Pursuant to ORS 653.055, employees who have not been paid the wages owed under ORS 653.010 through 653.261 are entitled to seek the penalties provided in ORS 652.150 for willful wage and hour violations.

118.    Accordingly, Plaintiff and the members of the Rule 23 Class are entitled to the applicable penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Fed. R. Civ. P. 23;

B.    Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b) to all members of the Collective and pursuant to Fed. R. Civ. P. 23 to all members of the Rule 23 Class;

C.    A declaration and finding that Harry & David has violated the FLSA and the

Page 21 - **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

Oregon state wage statute and regulations;

D.    A judgment against Harry & David and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Harry & David has failed and refused to pay in violation of the FLSA;

E.    A judgment against Harry & David and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Harry & David has failed and refused to pay in violation of the Oregon state wage statutes and regulations;

F.    A judgment against Harry & David and in favor of Plaintiff and those she seeks to represent, for any civil penalties to which they are entitled under ORS 652.150;

G.    Prejudgment interest to the fullest extent permitted under the law;

H.    Liquidated damages to the fullest extent permitted under the FLSA and Oregon law;

I.    Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the law; and,

J.    Such other and further relief as this Court deems just and proper in equity and under the law.

## **JURY DEMAND**

Plaintiff demands a jury as to all claims so triable.

DATED this 28th day of June, 2021.

BARRETT JOHNSTON MARTIN & GARRISON, LLC


By: s/ Joshua A. Frank
     **David W. Garrison** (admitted *pro hac vice*)
     **Joshua A. Frank** (admitted *pro hac vice*)

Philips Plaza
414 Union Street, Suite 900

Page 22 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile:  (615) 252-3798
Email:      dgarrison@barrettjohnston.com
            jfrank@barrettjohnston.com

-and-

**Steve D. Larson,** OSB No. 863540
**Jennifer S. Wagner,** OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840
Email:      slarson@stollberne.com
            jwagner@stollberne.com

-and-

**Peter Winebrake** (to be admitted *pro hac vice*)
**R. Andrew Santillo** (to be admitted *pro hac vice*)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Facsimile:  (215) 884-2492
Email:      pwinebrake@winebrakelaw.com
            asantillo@winebrakelaw.com

Attorneys for Plaintiff

Page 23 -    **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused to be served the foregoing **FIRST AMENDED CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT** on the following named person(s) on the date and manner indicated below:

[　] 　By Hand Delivery
[　] 　By Overnight Delivery
[　] 　By Facsimile Transmission
[X] 　CM/ECF
[　] 　By U.S. Mail, contained in a sealed envelope, with postage prepaid,
　　　 addressed to said person(s) at the last known address of each shown below
　　　 and deposited in the United States Post Office on said day
[　] 　By Email

Karen L. O'Connor
John Baird Dudrey
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205
503-294-9291
503-220-2480 (fax)
karen.oconnor@stoel.com
john.dudrey@stoel.com

Christine M. Snyder
Daniel L. Messeloff
Tucker Ellis, LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Christine.Snyder@tuckerellis.com
Daniel.Messeloff@tuckerellis.com

Attorneys for Defendants

Attorneys for Defendants

DATED this 28th day of June, 2021.

By:　/s/ Joshua A. Frank
　　　**Joshua A. Frank** (admitted *pro hac vice*)
　　　BARRETT JOHNSTON MARTIN & GARRISON, LLC
　　　414 Union St., Suite 900
　　　Nashville, TN 37219

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798