**David W. Garrison** (admitted *pro hac vice*)
**Joshua A. Frank** (admitted *pro hac vice*)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

Attorneys for Plaintiff and Class

(Additional counsel listed on signature block)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER HARRISON, on behalf of herself and all others similarly situated, | Case No. 1:18-cv-00410-CL |
| Plaintiff, | |
| v. | **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |
| HARRY & DAVID OPERATIONS, INC., | |
| Defendant. | |

## TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………...……….. i

TABLE OF AUTHORITIES………………………………………………………...…….. ii-iv

MOTION……………………………………………………………...…………………….....1

MEMORANDUM………………………………………………………...………………… 2

I.     INTRODUCTION..................................................................................... 2

II.    STATEMENT OF THE FACTS AND PROCEDURAL HISTORY…………………… 4

III.   TERMS OF THE PROPOSED SETTLEMENT…………………………………… 8

IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL……. 12

       A.  The payments to the class members provided in the Settlement Agreement should be
       approved …………………………………………………………………………13

       B.  The amounts of fees, expenses, and service payments Class Counsel may request are
       reasonable and will be briefed by separate motion ……………………………   18

V.     THE SETTLEMENT OF FLSA CLAIMS SHOULD BE APPROVED……………   21

VI.    THE PROPOSED NOTICE IS APPROPRIATE…………………………………   22

VII.   SCHEDULE OF EVENTS……………………………………………………… 23

VIII.  CONCLUSION…………………………………………………………………… 24

**PAGE i -     MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union St., Suite 900
Nashville, TN 37219
TEL. (615) 244-2202  FAX (615) 252-3798

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bond v. Ferguson Enters., Inc.*,
   No. 1:09-cv-1662-OWW-MJS, 2011 WL 2648879 (E.D. Cal. June 30,
2011) ............................................................................. . . . 20

*Carter v. Anderson Merch., LP*,
   No. 5:08-cv-00025-VAP-OP, 2010 WL 1946784 (C.D. Cal. May 11, 2010)   16, 17

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Deluca v. Farmers Ins, Exch.*,
   No. 17-CV-00034-TSH, 2020 WL 5071700 (N.D. Cal. Aug. 24, 2020) . . . . 20

*Grove v. Wells Fargo Fin. California, Inc.*,
   606 F.3d 577, 582 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hetherington v. Omaha Steaks, Inc.*,
   No. 3:13-CV-02152-SI, 2016 WL 4374947 (D. Or. Aug 12, 2016) . . . . . . . 20

*Hickcox-Huffman v. US Airways, Inc.*,
   No. 10-CV-05193-VKD, 2019 WL 1571879 (N.D. Cal. Apr. 11, 2019) . . . 16

*Hightower v. JPMorgan Chase Bank, N.A.*,
   No. 2:11-cv-01802-PSG-PLA, 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015)   20

*In re Broadwing, Inc. ERISA Litig.*,
   252 F.R.D 369 (S.D. Ohio 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Chambers Dev. Sec. Litig.*,
   912 F. Supp. 822 (W.D. Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Endosurgical Prod. Direct Purchaser Antitrust Litig.*,
   No. 2:05-cv-08809-JVS-MLG, 2008 WL 11504857 (C.D. Cal Dec. 31,
2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

**PAGE ii -**     **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

*In re Online DVD-Rental Antitrust Litig.,*
   779 F.3d 934, 946 (9th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    22

*In re Telectronics Pacing Sys., Inc.,*
   137 F. Supp. 2d 985 (S.D. Ohio 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16, 17

*In re Xcel Energy, Inc.,*
   364 F. Supp. 2d 980 (D. Minn. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17, 18

*JS Halberstam Irrevocable Grantor Tr. v. Davis,*
   No. 3:21-CV-413-SI, 2022 WL 1449106 (D. Or. May 9, 2022) . . . . . . . . . .    12

*Lane v. Facebook, Inc.,*
   696 F.3d 811, 826 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    22, 23

*Lofton v. Verizon Wireless (VAW) LLC,*
   No. 4:13-cv-05665-YGR, 2016 WL 7985255 (N.D. Cal. Jan. 28, 2016) . . .    13, 21

*Maza v. Waterford Operations, LLC,*
   300 Or. App. 471 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

*Perkins v. Singh,*
   No. 3:19-cv-01157-AC, 2021 WL 5085119, (D. Or. Nov. 2, 2021) . . . . . . .    20

*Reynolds v. Beneficial Nat'l bank,*
   288 F.3d 277, (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

*Riker v. Gibbons,*
   No. 3:08-cv-00115-LRH, 2010 WL 4366012, (D. Nev. Oct. 28, 2010) . . . .    17

*Rodriguez v. West Publishing Corp.,*
   563 F.3d 948, (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

*Ross v. U.S. Bank Nat'l Ass'n,*
   No. 3:07-cv-2951-SI, 2010 WL 3833922 (N.D. Cal. Sept. 29, 2010) . . . . . .    20

*Shandy v. Mahadev, LLC,*
   No. 6:21-cv-00515-AA, 2021 WL 7084885 (D. Or. Oct. 4, 2021) . . . . . . . .    21

*Smothers v. NorthStar Alarm Servs., LLC,*
   No. 217CV00548KJMKJN, 2020 WL 1532058 (E.D. Cal. Mar. 31, 2020) .    20

**PAGE iii -     MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

*State of California v. eBay, Inc.,*
    No. 5:12-CV-05874-EJD, 2014 WL 4273888 (N.D. Cal. Aug. 29, 2014) . .    13

*Valentine v. Sacramento Metro. Fire Dist.,*
    No. 2:17-cv-00827-KJM-EFB, 2019 WL 651654 (E.D. Cal. Feb. 15, 2019).    16

*Williams v. Vukovich,*
    720 F.2d 909 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

*Wilson v. Metals USA, Inc.,*
    No. 2:12-CV-00568-KJM-DB, 2021 WL 516585 (E.D. Cal. Feb. 11, 2021)    20

*Wren v. RGIS Inventory Specialists,*
    No. 3:06-cv-05778-JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) . . . . .    *passim*

*Wren v. RGIS Inventory Specialists, supplemented*
    No. C-06-05778-JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) . . . . .    14, 15

**Statutes**
    29 U.S.C. § 216(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    *passim*

    Or. Rev. Stat. § § 652.200(2), 653.055(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

**Rules**
    Fed. R. Civ. P. 23  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    *passim*

**Other Authority Cited**
*Manual for Complex Litigation,*
    § 13.14 (4th ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

*Moore's Federal Practice,*
    § 23.85[3] (3rd ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    18

**PAGE iv -**     **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

## UNOPPOSED MOTION

In accordance with Local Rule 7-1(a), Plaintiff and Defendant have agreed, pursuant to their written Settlement Agreement, that this Motion is unopposed. This Motion seeks preliminary approval of the Parties' Class and Collective Action Settlement Agreement ("Settlement Agreement") (attached hereto as Exhibit A). Specifically, Plaintiff Jennifer Harrison, on behalf of herself and all others similarly situated, hereby respectfully moves for entry of an Order:

(a) preliminarily approving the Parties' Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) approving the Parties' Settlement Agreement, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b);

(c) approving the parties' Notice[1] and Claim Form, attached to the Settlement Agreement as Exhibit 1, and directing the issuance of the same via mail and email to the Rule 23 Class Members, to the FLSA Collective Action Members who have joined this case pursuant to 29 U.S.C. § 216(b), and to the potential FLSA Collective Action Members; and

(d) establishing a date for a final fairness hearing.

The Parties' Settlement Agreement resolves Plaintiff's Rule 23 claims brought under Oregon state law as well as Plaintiff's FLSA collective action claims brought on behalf of FLSA Collective Action Members and those who may now submit a timely FLSA claim. A proposed order preliminarily approving the Agreement and providing for notice in accordance with Rule 23, is attached to this motion.

---

[1] The Notice form has been modified slightly by agreement of the Parties to inform class members that Class Counsel will file a motion for approval of recovery of their fees, costs, and expenses in accordance with this Settlement Agreement, and that a copy of such Motion may be obtained from the Settlement Administrator. This modified Notice form is attached hereto as Exhibit B.

**PAGE 1 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION**</u>

## I.    INTRODUCTION

This action is a certified Rule 23 class action and FLSA collective action. In other words, this is not an instance in which certification is sought for settlement purposes. The Court ruled that the Rule 23 Class Members and the FLSA Collective Action Members may proceed on a class and collective basis and has appointed Named Plaintiff Jennifer Harrison as Class Representative and Plaintiff's counsel as Class Counsel. Thus, throughout the rigorous, arm's length negotiations resulting in the present settlement, all of the Rule 23 Class Members and FLSA Collective Action Members have been represented by the counsel this Court appointed to represent them, with their interests further protected by their Court-appointed Class Representative. Plaintiff Harrison now moves for preliminary approval of the parties' Settlement Agreement, which resolves the claims of the Rule 23 Class Members and the FLSA Collective Action Members in this case.

The Settlement Agreement provides for the creation of a fund of up to $3,300,000 to benefit the Rule 23 class and FLSA Opt-In Plaintiffs and is the result of lengthy, arm's-length negotiations between the parties, with assistance from U.S. District Court Magistrate Judge John V. Acosta and Cliff Freed, who served as mediators in this matter. The Settlement Agreement is the culmination of four years of hotly contested litigation. *See* Declaration of David W. Garrison ("Garrison Decl.") ¶ 4. At the time the parties entered into this Settlement Agreement, Class Counsel had, among other things: managed the FLSA collective action notice process with more than 200 FLSA Opt-In Plaintiffs; taken or defended 40 depositions (defended 32 Plaintiff depositions and one expert deposition and took six depositions of Defendant's witnesses and one expert deposition); worked with more than 50 FLSA Plaintiffs to respond to written discovery requests from

**PAGE 2** -    **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Defendant; reviewed and analyzed over 2,700 pages of documents and several thousand Excel pay and timekeeping data files produced by Defendant; successfully moved for conditional class certification under Section 16(b) of the FLSA, for Rule 23 class certification of Oregon state law wage claims, and for leave to amend the complaint; successfully defended against motions to decertify the FLSA collective action claims, to exclude evidence of Plaintiff Harrison's damages, and to strike Plaintiff's expert report; and managed communications with the certified Rule 23 class consisting of more than 4,000 current and former employees of Defendant. *Id.*

Defendant has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in this case, including that Plaintiff and/or any members of any class suffered damage as a result of Defendant's conduct.  By settling this matter and declining to oppose this Motion, Defendant does not admit liability of any kind, nor should Defendant's actions be construed as or be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

Although Plaintiff has succeeded on her claims to date, significant risks and roadblocks to recovery still exist. Garrison Decl. ¶ 7. The Parties have not yet litigated dispositive motions on either Plaintiff's FLSA claims or her Oregon state law claims.  *Id*  This case has not yet been set for trial, and the litigation of the FLSA collective claims and Rule 23 class claims through trial and through an appellate process could take several more years.  *Id*.  Given these meaningful risks, and the near certainty of considerable additional litigation and delay, Class Counsel believes that this proposed Settlement Agreement is a terrific result for the Class and came only after a significant commitment to this case by Lead Plaintiff and Class Counsel. Garrison Decl.  *Id.*

**PAGE 3 -** **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Plaintiff now moves this Court, pursuant to the settlement of the Rule 23 class claims, to enter an order preliminarily approving the Settlement Agreement in accordance with Fed. R. Civ. P. 23. Plaintiff also moves this Court for an order approving the settlement of her FLSA collective action claims in accordance with Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff requests that this Court approve and authorize the Parties' proposed Notice and Claim Form (Settlement Agreement, Ex. 1), which will inform Rule 23 Class Members, FLSA Collective Action Members, and potential FLSA Collective Action Members of their rights under the settlement, how to obtain their settlement funds, how to exclude themselves from the Rule 23 settlement, and how to object to the Rule 23 settlement.

## II.    STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

As noted above, the Parties have not spent the four years since the filing of this case idly. During this case, the Parties have vigorously contested numerous issues and subjected their respective positions to rigorous written and deposition discovery. This procedural history of this case forms the backdrop of the Parties' ultimate resolution of this action and provides the factual circumstances that support the Settlement Agreement's approval as a reasonable settlement.

Plaintiff filed this action against Defendant on March 8, 2018, alleging violations of the FLSA and Oregon wage statutes. (Doc. No. 1). Plaintiff brought this action as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action for violation of Oregon wage laws under Rule 23 of the Federal Rules of Civil Procedure. *Id.* Plaintiff alleges Defendant has a practice of not paying call center agents for time performing activities prior to clocking in on their computers at the beginning of their shifts, during their unpaid meal breaks while clocked out, and after clocking out on their computers at the end of their shifts. As a result of this practice, Plaintiff

**PAGE 4** - **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

alleges that she and other call center agents at Defendant's Medford, Oregon call center performed compensable activities "off-the-clock" without pay, in violation of the FLSA and Oregon state law. Moreover, Plaintiff alleged that this practice resulted in her and other call center agents not receiving a continuous, 30-minute meal period, as required by Oregon law.

On August 13, 2018, Plaintiff moved this Court for an order conditionally certifying this case as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and authorizing Court-supervised notice to similarly situated employees. (Doc. No. 45). On December 13, 2018, this Court issued a Report & Recommendation, finding that Plaintiff's Motion should be granted. (Doc. No. 64). On January 15, 2019, District Judge Ann Aiken issued an order conditionally certifying Plaintiff's collective FLSA claims. (Doc. No. 69). On March 5, 2019, notice was issued to similarly situated employees (Doc. No. 74), and ultimately more than 200 employees asserted FLSA claims in this action that are resolved by the Parties' proposed Settlement Agreement.

During the course of this litigation, the Parties have taken significant discovery, including discovery related to the briefing of Plaintiff's Rule 23 class certification motion. Class counsel reviewed over 2,700 pages of documents and several thousand Excel pay and timekeeping data files produced by Defendant related to the practices at issue in this case. Garrison Decl. ¶ 5. Plaintiff's counsel also took six depositions related to those practices. *Id.* Defendant also took significant discovery, taking written discovery from 54 FLSA Plaintiffs and taking the depositions of 32 FLSA Plaintiffs. *Id.*

The Parties each engaged experts in support of their respective positions on whether Plaintiff's Oregon state law claims should be certified under Rule 23 of the Federal Rules of Civil

**PAGE 5 -     MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

Procedure. Garrison Decl. ¶ 5. Plaintiff relied on the expert opinion of Liesl M. Fox, Ph.D., who testified that certain data supported Plaintiff's position that Plaintiff's claims could be adjudicated on a class-wide basis. *Id.* Defendant relied on the expert opinion of Glen R. Waddell, Ph.D., who rebutted Dr. Fox's testimony. *Id.*

Armed with a substantial factual record and Dr. Fox's expert analysis, Plaintiff filed her motion for Rule 23 class certification on February 28, 2020. (Doc. No. 134). In addition to opposing Plaintiff's class certification motion (Doc. No. 159) and moving to decertify the FLSA collective action (Doc. No. 142), Defendant also moved the Court to strike Plaintiff's expert testimony (Doc. No. 157) and to exclude evidence of Plaintiff Harrison's damages (Doc. No. 155)—motions aimed at opposing Plaintiff's ability to proceed with her FLSA and Oregon claims on a collective and class basis. On October 21, 2020, Magistrate Judge Clarke issued Findings and Recommendations recommending that Plaintiff's Motion for class certification should be granted, that Defendant's motion to decertify the FLSA collective action be denied, and that Defendant's motions to strike Plaintiff's Harrison's expert and exclude her evidence of damages should be denied. (Doc. No. 180).

On November 4, 2020, Defendant filed Objections to Magistrate Judge Clarke's Findings & Recommendations. (Doc. No. 183). After full briefing, Judge Aiken overruled Defendant's Objections and adopted Magistrate Judge Clarke's Findings and Recommendations in their entirety on March 24, 2021. (Doc. No. 191).

The Court-approved class notice was issued to more than 4,200 putative class members on April 30, 2021. (Doc. No. 198). Of the more than 4,200 putative class members, only nine (9) elected to exclude themselves from the certified class. (Doc. No. 207). An additional eight (8)

**PAGE 6 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

individuals included on the class list were determined to have been improperly included in the Rule 23 class, and their claims were subsequently dismissed by agreement. (Doc. Nos. 212 and 213). As a result, the class consists of 4,209 individuals.

On June 7, 2021, Plaintiff moved for leave to amend her complaint to conform her allegations to the factual record in the case following certification of the Rule 23 class. (Doc. No. 202). Defendant opposed this motion. (Doc. No. 203). Ultimately, that motion was granted on June 28, 2021. (Doc. No. 204).

Once the Court-approved class notice process was complete, the Parties turned their attention to the remaining discovery to complete for dispositive motions and trial. Garrison Decl. ¶ 6. This remaining discovery was substantial and gave rise to several disputes, including about the production of the wage-and-hour data for the class members at issue. *Id.* The Parties engaged in substantial efforts to confer about how to resolve those disputes and prepared to litigate those disputes that remained. *Id.*

During this process, the Parties recognized that there was an opportunity to engage in negotiations aimed at a compromise resolution. *Id.* Thus, prior to engaging in fulsome discovery focused on completing the necessary exchange of information to litigate Plaintiff's claims through dispositive motions and trial, the Parties commenced formal discussions focused on resolving this litigation subject to Court approval. *Id.* The Parties engaged U.S. Magistrate Judge John Acosta as a mediator, participating in separate, pre-mediation meetings on November 1, 2021 (Doc. No. 210) and November 3, 2021 (Doc. No. 211), as well as two formal mediation sessions with him on November 10, 2021 (Doc. No 214) and November 19, 2021 (Doc. No. 215). *Id.* These sessions included an all-day in-person session in Portland, Oregon, as well as an all-day mediation session

**PAGE 7** -      **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

via videoconference. *Id.* Unable to reach agreement on a resolution through those efforts, the Parties engaged Cliff Freed, a private mediator who specializes in assisting parties to resolve complex class action litigation. *Id.* The Parties engaged in two formal mediation sessions on January 5, 2022 and February 17, 2022 with Mr. Freed. Garrison Decl. *Id.* After continued negotiations following those sessions, the Parties reached the Settlement Agreement which is before this Court. *Id.*

## III.    TERMS OF THE PROPOSED SETTLEMENT

The Settlement Agreement resolves, fully, finally and with prejudice, Plaintiff's FLSA collective action claims and her Rule 23 class action Oregon state law claims against Defendant. The monetary terms of this settlement include the following:

- Defendant agrees to pay up to $3,300,000 into a common fund for the benefit of the Rule 23 Class Members and FLSA Collective Action Members which will cover their individual, *pro rata* settlement recoveries, as well as all Court-approved attorneys' fees and costs and service awards.

- Class Counsel may request that this Court award the following attorneys' fees, costs, and service awards payments from the common fund:

  - Up to one-third of the common fund ($1,100,000) for payment of their fees;

  - Up to $120,000.00 in expenses (presently, Class Counsel have incurred more than $90,000 and will incur at least $20,000 in additional costs required to be paid to the Settlement Administrator under the agreement) incurred in pursuit of Plaintiff's claims; and,

  - Service payments totaling $48,750 allocated as follows: (1) $10,000 to Court-appointed Class Representative Jennifer Harrison; and (2) a total of $38,750 ($1,250 each) to the 31 FLSA Opt-In Plaintiffs who gave a deposition, which includes the individuals identified in Exhibit 5 to the Settlement Agreement.

- The remainder of the funds (approximately $2,000,000 should the Court approve the award of attorneys' fees, costs and expenses, and service payments set forth above) will be for the benefit of the Rule 23 Class Members and FLSA Collective Action Members.

**PAGE 8** -    **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

- Defendant has agreed to pay $50,000 of the costs related to the administration of this settlement out of the fund described above. Class Counsel have agreed to fund the initial administration cost of $20,000, though they are entitled to seek reimbursement of this cost as part of this settlement and it is included in the $120,000 described above. The Settlement Administrator has estimated the total cost of administering the settlement at $58,606 (this amount assumed that all class members returned their claims forms which would be processed by the administrator). If the costs of the settlement administration exceed $50,000, Class Counsel has agreed to pay for such costs.

The Settlement Agreement contemplates that all Rule 23 Class Members and FLSA Collective Action Members who sign and return a form will be entitled to their *pro rata* share of the common fund after the payment of Court-approved attorneys' fees, costs and expenses, and service payments. These forms may be completed in hard copy or electronically. The Notice explains this process, and the form is attached to the Settlement Agreement along with the Notice as Exhibit 1. The purpose of this procedure is to ensure that the payments are actually sent to the correct class members at their correct addresses, given the long time-period covered by this action. Garrison Decl. ¶ 8. Defendant will not pay the funds allocated for those Rule 23 Class Members and FLSA Collective Action Members who exclude themselves and for those who do not sign and return a form. *Id.* The payment to each of the Rule 23 Class Members and FLSA Collective Action Members will be paid 50% as taxable wages, and 50% as liquidated damages and / or penalties with no withholdings or deductions. *Id.*

The Class Members' *pro rata* shares are based on individualized damages allocations calculated by Plaintiff's expert to account for the various statutes of limitations applicable to the claims under the FLSA and Oregon wage-and-hour laws and, in particular with respect to Oregon penalty claims, to account for the relative strength and weaknesses of those claims given the developments in the law.

**PAGE 9 -     MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Those initial calculations (on which the *pro rata* share will be based), divide the Rule 23 Class Members and FLSA Collective Action Members into three groups identified in the Settlement Agreement at Exhibits 2, 3, and 4. Those Class Members who already joined the FLSA collective action portion of this case fall into Group 1. *See* Settlement Agreement at Exhibit 2. Those Class Members who worked at Harry & David as of November 10, 2018, and therefore have potential FLSA claims, fall into Group 2. *See* Settlement Agreement at Exhibit 3. And, those Class Members whose employment at Harry & David was entirely before November 10, 2018 and who therefore have no potential FLSA claims, fall into Group 3. *See* Settlement Agreement at Exhibit 4.

Regardless of Group, all Rule 23 Class Members and FLSA Collective Action Members who worked for Harry & David after the November 2019 decision of the Oregon Court of Appeals in *Maza v. Waterford Operations, LLC*, 300 Or. App. 471 (2019), which addressed employers' obligations under the Oregon meal period requirements, were allocated wage penalties contemplated by Oregon law. This is because these penalties require a showing of willfulness and that showing was impacted by the *Maza* decision, which heightened the burden on Oregon employers with respect to employee meal periods. All Class Members will recover a minimum of $100. In addition to their minimum recovery and penalty recovery:

- Group 1 Class Members were allocated a settlement recovery based on a calculation for overtime owed to them assuming they each worked 10 minutes per day off-the-clock and an equal amount of liquidated damages for this assumed off-the-clock work. Group 1 Class Members' settlement recovery also includes compensation for unpaid meal breaks. They will receive 100% of this calculated amount.

- Group 2 Class Members were allocated a settlement recovery based on a calculation for overtime owed to them assuming they worked 10 minutes per day off-the-clock and an equal amount of liquidated damages for this assumed off-the-clock work. Group 2

**PAGE 10 -**   **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Class Members' settlement recovery also includes compensation for unpaid meal breaks. They will receive 85% of this calculated amount.

- Group 3 Class Members were allocated a settlement recovery based on a calculation for overtime owed to them assuming they worked 10 minutes per day off-the-clock and compensation for unpaid meal breaks. They will receive 50% of this calculated amount.

The approximately $2,000,000 for wages and damages to the Rule 23 Class Members and FLSA Collective Action Members (should the Court ultimately award the maximum attorneys' fees, costs and expenses, and service payments Class Counsel intend to request) is roughly the full amount of alleged unpaid wages they are owed if they prevail on their claims under the FLSA and Oregon state law according to Class Counsel's assessment of damages. Garrison Decl. ¶ 9. Based on Class Counsel's experience and expertise, as well as the extensive discovery and motion practice in this action, Class Counsel is convinced that this allocation results in a fair and equitable allocation of the settlement funds that accounts for the strengths and weaknesses of the claims in the case as they would apply to the claims of each of the Rule 23 Class Members and FLSA Collective Action Members. Garrison Decl. ¶ 7.

The Settlement Agreement also contains a few salient, non-monetary provisions related to the notice process:

- The Parties have agreed that RG2 Claims Administration, Inc. (which also handled the Rule 23 class notice upon the Court's certification of this case as a Rule 23 class action) will serve as the settlement administrator, overseeing the administration of this settlement.

- The Settlement Agreement contains a number of provisions to ensure that all Rule 23 Class Members and FLSA Collective Action Members receive notice of the settlement, including the provision of addresses and email address by their current or former employer, the Defendant as well as by Class Counsel, who have been communicating regularly with the Rule 23 Class Members and Opt-In Plaintiffs to update their contact information, and procedures for locating accurate mailing addresses should any mailed notices be undeliverable.

**PAGE 11 -     MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Class Counsel, who have been involved in numerous class and collective action settlements, are confident that these procedures are calculated to disseminate the notice of this settlement effectively and efficiently to the Rule 23 Class Members and FLSA Collective Action Members and that it represents the best notice practicable. Garrison Decl. ¶ 8.

Finally, as part of the Settlement Agreement, Defendant and related entities and individuals will receive a release of claims. Rule 23 Class Members who do not exclude themselves from the settlement will release Harry & David and the Released Parties from any claims for violations of any state or local law pertaining to hours of work, payment or non-payment of wages, wage deductions, or missed meal and/or rest periods. Additionally, any Group 1 and Group 2 Class Member who signs and returns a form to receive settlement funds will also release their FLSA claims.

As explained below, it is the considered judgment of Class Counsel, based on their extensive experience handling complex wage-and-hour class and collective actions and the four years vigorously litigating the instant action, that these terms are fair, reasonable, and adequate, and in the best interests of all the Rule 23 Class Members and FLSA Collective Action Members. Garrison Decl. ¶ 7.

## IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving legal disputes. This is especially true in complex class actions such as this. *See, e.g.*, *JS Halberstam Irrevocable Grantor Tr. v. Davis*, No. 3:21-CV-413-SI, 2022 WL 1449106, at *2 (D. Or. May 9, 2022) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned") (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556

**PAGE 12 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

(9th Cir. 2019) (*en banc*)). The Settlement agreement at issue provides for payments to the class members, payment of Class Counsel's attorneys' fees and expenses, and an additional payment to the Class Representative and Opt-In Plaintiffs who were deposed for their service in this case.

### A.    The payments to the class members provided in the Settlement Agreement should be approved.

For class claims, Federal Rule of Civil Procedure Rule 23(e) requires judicial review and approval of any settlement agreement before it can take effect. "The approval process entails two-steps: (1) preliminary approval of the settlement; and (2) final approval of the settlement at a fairness hearing following notice to the class. *State of California v. eBay, Inc.*, No. 5:12-CV-05874-EJD, 2014 WL 4273888, at *5 (N.D. Cal. Aug. 29, 2014). At this juncture, the parties are simply requesting that the Court take the first of these steps and grant preliminary approval of the Settlement, so that notice of the settlement can go out to members of the class.  At the final approval hearing, the Court will have before it more extensive papers submitted in support of the Settlement and will then be asked to make a determination as to whether the Settlement is fair, reasonable, and adequate, under all of the circumstances.

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed Settlement is within the range of what might be found fair, reasonable, and adequate, so that notice of the proposed Settlement should be given to Class Members and a hearing scheduled to consider final settlement approval. *See, e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, No. 4:13-cv-05665-YGR, 2016 WL 7985255, at *1 (N.D. Cal. Jan. 28, 2016) (finding settlement "falls within the range of possible final approval and merits submission to the Class Members for their consideration" and approving "as fair, reasonable, and adequate"); *see*

**PAGE 13 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

*also Manual for Complex Litigation* § 13.14, at 173 (4th ed. 2004) ("First, the [court] reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

Here, the $3.3 million class recovery in this settlement is fair and reasonable for at least three different reasons:

> (1) Plaintiff and the Class will face significant risk of an adverse judgment if they continue to litigate their class claims. At the time the parties agreed to this Rule 23 settlement, the Parties had not completed discovery and had not yet briefed dispositive motions.

> (2) The amount of the settlement is reasonable considering the fact that the potential aggregate class recovery, after fees, costs, and expenses are paid, is roughly equivalent to their potential full wage recovery in the case.

> (3) The time value of money strongly favors settlement now over continued—and likely protracted—litigation and appeal.

The parties are now requesting the Court to take the first step in this process and grant preliminary approval of the proposed Settlement. The proposed Settlement easily satisfies the standard for preliminary approval, as it provides an immediate and substantial benefit of a potential $3,300,000 payment to a common fund to benefit the Class. Given the complexities of this litigation and the substantial risks of continuing to litigate, Class Counsel believes the Settlement represents a very favorable resolution for the class members.

Class Counsel have carefully weighed these risks and, based on their familiarity with and detailed knowledge of the facts of this case, acknowledge that a positive end-result is far from assured if this litigation continues. *See, e.g., Wren v. RGIS Inventory Specialists*, No. 3:06-cv-05778-JCS, 2011 WL 1230826, at *7 (N.D. Cal. Apr. 1, 2011), *supplemented*, No. C-06-05778

**PAGE 14 -   MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (finding that risks to recovery favored approval because "Plaintiffs recognize that even at this stage of the case, they face numerous obstacles to recovery"). Moreover, taking into account the likelihood of appeal, litigating these claims through to final enforceable judgment will probably take several more years, requiring Class Members who suffered losses as early as 2012 to wait even longer than the decade that has already elapsed for any resolution of their claims. *See id.* (the "additional expenses and delay" associated with litigating a "complex" hybrid class and collective wage-and-hour case through trial "against skilled defense attorneys" support approval); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 373-74 (S.D. Ohio 2006) (explaining "the difficulty Plaintiffs would encounter in proving their claims, the substantial litigation expenses, and a possible delay in recovery due to the appellate process, provide justifications for this Court's approval of the proposed Settlement"); *see also, e.g.*, *In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 837 (W.D. Pa. 1995) ("It is safe to say, in a case of this complexity, the end of that road might be miles and years away."); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002) ("To most people, a dollar today is worth a great deal more than a dollar ten years from now.").

Furthermore, in looking to additional factors that courts sometimes consider for purposes of final approval, it is clear that this Settlement is well within the range of possible approval. *Wren*, 2011 WL 1230826, at *6 (setting forth the non-exhaustive list of factors courts may consider for final approval) (citations omitted). Indeed, absent any obvious deficiencies, the Court should preliminarily approve the Settlement, and direct that notice of a formal fairness hearing under Rule 23(e) be given to Class Members. *In re Endosurgical Prod. Direct Purchaser Antitrust Litig.*, No.

**PAGE 15 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

2:05-cv-08809-JVS-MLG, 2008 WL 11504857, at *7 (C.D. Cal. Dec. 31, 2008) ("Absent glaring

deficiencies, a proposed settlement at the preliminary approval stage need only be within the range

of possible approval.") (citations and internal quotation marks omitted).

First, the terms of the Settlement are the product of arm's-length negotiations between the

parties with the substantial assistance of Magistrate Judge Acosta and Cliff Freed, both of whom

served as mediators for the Parties and both of whom conducted multiple formal mediation

sessions and assisted in months of intense negotiations. *Wren*, 2011 WL 1230826, at *6 (courts

may consider "procedure by which the parties arrived at the settlement" for approval); *Hickcox-*

*Huffman v. US Airways, Inc.*, No. 10-CV-05193-VKD, 2019 WL 1571879, at *3 (N.D. Cal. Apr.

11, 2019) (finding that settlement "reached as a result of extensive arm's-length negotiations,

occurring over the course of several months and two full-day, in-person mediation sessions before

[a] private mediator" are circumstances favoring approval); *Valentine v. Sacramento Metro. Fire*

*Dist.*, No. 2:17-cv-00827-KJM-EFB, 2019 WL 651654, at *6 (E.D. Cal. Feb. 15, 2019) (where

there are arm's-length negotiations facilitated by an impartial mediator and by a magistrate judge,

probability of collusion is low); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir.

2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the

proceedings were free of collusion and undue pressure").

Second, Class Counsel has significant experience in complex class action litigation and has

negotiated numerous class action recoveries in federal courts across the country. *See generally*

February 2020 Garrison Decl. (Doc. No. 139); February 2020 Gottesfeld Decl. (Doc. No. 140);

February 2020 Larson Decl. (Doc. No. 141). Courts place significant weight on the opinion of

experienced counsel that a settlement is in the best interests of the class. *Carter v. Anderson Merch.,*

**PAGE 16** - **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

*LP*, No. 5:08-cv-00025-VAP-OP, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight."); *Riker v. Gibbons*, No. 3:08–cv–00115–LRH, 2010 WL 4366012, at *4 (D. Nev. Oct.28, 2010) ("The recommendation of experienced counsel in favor of settlement carries a great deal of weight in a court's determination of the reasonableness of a settlement."); *see also Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (stating that court should defer to the judgment of experienced counsel who has evaluated the strength of plaintiff's case); *In re Telectronics Pacing Sys., Inc.,* 137 F. Supp. 2d 985, 1016 (S.D. Ohio 2001) ("The Court should always give significant weight to the belief of experienced Counsel that the settlement is in the best interest of the class.") (citation omitted).

Third, it is highly relevant that the parties entered into this Settlement Agreement after years of litigation. As a result, Class Counsel entered into this Settlement Agreement with full knowledge of both the strengths and weaknesses of the case, as well as the likely range of damages that might have been recovered post-trial. *See Wren*, 2011 WL 1230826, at *9 (approving settlement where parties had litigated for years and completed substantial discovery because "the parties had ample information about the strengths and weaknesses of their positions to enable them and their counsel to make informed decisions about the settlement").

Finally, the likelihood of ultimate success on the merits balanced against the amount and form of relief offered in this Settlement weighs in favor of its reasonableness. *E.g.*, *Wren*, 2011 WL 1230826, at *6, *8 (finding that risk and delay as well as "a substantial recovery that corresponds to Plaintiffs' own damages assessment" warrant settlement approval). While Plaintiff obviously believes in the strength and viability of the class and collective claims asserted in this litigation, she also acknowledges the risk, the expense, and the delay involved in continuing to litigate against

**PAGE 17** - **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Defendant through dispositive motions, trial, and appeal. As the court in *In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005), recognize "[p]recedent is replete with situations in which attorneys representing a class have devoted substantial resources in terms of time and advanced costs yet have lost the case despite their advocacy." Class Counsel accordingly believe that the Settlement set forth in the Settlement Agreement, which provides a recovery roughly equivalent to the amount of alleged unpaid wage damages, confers substantial benefits upon the Class. Garrison Decl. ¶ 9.

While Plaintiff and her counsel believe the Settlement merits final approval, the Court need not make that determination at this time. The Court is only being asked to permit notice of the terms of the Settlement to be sent to the Class and to schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any expressed views by Class Members regarding the fairness of the Settlement, the Plan of Allocation, Class Counsel's request for an award of fees and expenses, 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002). For the reasons set forth herein, the Settlement clearly meets the standard for preliminary approval.

**B.    The amounts of fees, expenses, and service payments Class Counsel may request are reasonable and will be briefed by separate motion.**

As part of the settlement of this hybrid Rule 23 class action and FLSA collective action, the Parties agree that Class Counsel may seek the recovery of their incurred attorneys' fees and expenses on a lodestar or common fund basis. *See* Settlement Agreement, ¶ 4.3.3 (Ex. A). This is consistent with the statutory fee-shifting provisions of the FLSA and the Oregon wage-and-hour statute. *See* 29 U.S.C. § 216(b); Or. Rev. Stat. §§ 652.200(2), 653.055(4).

**PAGE 18 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

In this case, class counsel may seek payment of up to $1,100,000 in attorneys' fees and up to $120,000 in costs and expenses, which is part of the contemplated $3,300,000 settlement of this case. The maximum amount of attorneys' fees Class Counsel may recover is a reduction of the amount they have already incurred in this litigation to date, and those fees will continue to increase as the Class Counsel work to secure approval and provide assistance during the administration of the settlement through the disbursement of funds. Garrison Decl. ¶ 9.  The maximum amount of costs and expenses Class Counsel may recover is an amount commensurate with the amount they anticipate they will have incurred at the conclusion of the administration of this Settlement.  *Id.*

In statutory fee-shifting litigation, the Ninth Circuit often employs the lodestar method to determine a reasonable fee. *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). Of course, "[i]n cases where settlement of a class action creates a common fund, the Court has discretion to award attorneys' fees using either the lodestar method or the percentage of the fund approach." *See Wren*, 2011 WL 1230826, at *16.

Here, the agreed upon potential recovery of Class Counsel's attorneys' fees and expenses represents one-third of the settlement proceeds (or $1,100,000), plus incurred expenses in an amount up to $120,000. Class Counsel's lodestar fee to date is more than $1,250,000 and the incurred expenses are more than $110,000 (with a payment of an additional $20,000 that Class Counsel will make to the Settlement Administrator following preliminary approval). In other words, Class Counsel's attorneys' fees and costs already exceed the recovery they will seek, which is well within the range of fees and expenses awarded in the Ninth Circuit on both a percentage-of-the-fund and a lodestar basis. *See, e.g., id.* at *27-*28 (in hybrid class and collective action settlement involving Oregon state wage-and-hour claims as well as other state claims applying a

**PAGE 19 -**     **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

lodestar analysis to award more than $11,300,000 in attorneys' fees (before expenses), or more

than 41%, out of a $27,000,000 common fund and noting it would have reached same result under

common fund); *Perkins v. Singh*, No. 3:19-cv-01157-AC, 2021 WL 5085119, at *3 (D. Or. Nov.

2, 2021) (in hybrid class and collective wage-and-hour action approving fees equal to one-third of

common fund plus incurred expenses). Many of the same circumstances supporting approval of

the settlement support approval of the requested fees and expenses. *Perkins*, 2021 WL 5085119,

at *3 (analyzing and applying the Ninth Circuit's non-exhaustive factors supporting award of fees

above 25% benchmark); *Wren*, 2011 WL 1230826, at *27 (analyzing other factors that support

award of greater than 25%).

Likewise, "[i]ncentive *awards* are fairly typical in class action cases." *Rodriguez v. West

Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). While service awards are discretionary, the

service awards sought for Class Representative Jennifer Harrison[2] and those Plaintiffs who were

deposed[3] are well within the range typically awarded by this Court and other courts in the Ninth

Circuit.

---

[2] *See, e.g.*, *Hetherington v. Omaha Steaks, Inc.*, No. 3:13-CV-02152-SI, 2016 WL 4374947, at *3
(D. Or. Aug. 12, 2016) (approving $10,000 service award to named plaintiff); *Wilson v. Metals
USA, Inc.*, No. 2:12-CV-00568-KJM-DB, 2021 WL 516585, at *8 (E.D. Cal. Feb. 11, 2021)
(approving service awards of $25,000 and $14,000, respectively, to named plaintiffs); *Smothers v.
NorthStar Alarm Servs., LLC*, No. 217CV00548KJMKJN, 2020 WL 1532058, at *11 (E.D. Cal.
Mar. 31, 2020) (approving service awards of $10,000 each to two named plaintiffs); *Bond v.
Ferguson Enters., Inc.*, No. 1:09-cv-1662-OWW-MJS, 2011 WL 2648879, at *2, 15(E.D. Cal.
June 30, 2011) (approving $11,250 incentive payment to each of two named plaintiffs as part of
$2,250,000 gross settlement); *Ross v. U.S. Bank Nat'l Ass'n*, No. 3:07-cv-2951-SI, 2010 WL
3833922, at *3 (N.D. Cal. Sept. 29, 2010) (approving award of $20,000 to each of four named
plaintiffs where settlement fund was $1,050,000).
[3] *See, e.g.*, *Deluca v. Farmers Ins. Exch.*, No. 17-CV-00034-TSH, 2020 WL 5071700, at *5, *8-
*9 (N.D. Cal. Aug. 24, 2020) (approving as reasonable $1,000 service award to each of 26 opt-in

**PAGE 20 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
          MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
          SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
          ACTION SETTLEMENT**

With respect to the ultimate award of attorneys' fees, expenses, and service payments, it is sufficient for preliminary approval that the settlement "falls within the range of possible final approval and merits submission to the Class Members for their consideration" and approving "as fair, reasonable, and adequate." *Lofton*, 2016 WL 7985255, at *1. Accordingly, preliminary approval of the settlement should be granted. Class Counsel will submit a motion for approval of the award of attorneys' fees, expenses, and service award in accordance with the schedule set forth in the proposed order.

## V.    THE SETTLEMENT OF FLSA CLAIMS SHOULD BE APPROVED

Courts in the Ninth Circuit review FLSA settlements to ensure that they "are appropriate given the FLSA's purposes and that such settlement do not undermine the Act's purposes." *Shandy v. Mahadev, LLC*, No. 6:21-cv-00515-AA, 2021 WL 7084885, at *1 (D. Or. Oct. 4, 2021) (citations and internal quotation marks omitted). When reviewing an FLSA settlement, "a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *Id.* (citations and internal quotation marks omitted). Courts may approve an FLSA settlement "in order to promote the policy of encouraging settlement of litigation" where the settlement "reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* (citations and internal quotation marks omitted).

Here, the Settlement Agreement resolves the claims of the more than 200 Opt-In Plaintiffs currently in this action as well as those of the individuals who return a claim form who worked for Harry & David at some point in the three years preceding their first effort at mediation. As set

---

plaintiffs and class members who were deposed); *Hightower v. JPMorgan Chase Bank, N.A.*, No. 2:11-cv-01802-PSG-PLA, 2015 WL 9664959, at *12-*13 (C.D. Cal. Aug. 4, 2015) (same).

**PAGE 21 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE**
**ACTION SETTLEMENT**

forth above, and for the same reasons the settlement of the Rule 23 class claims is reasonable, the resolution of the FLSA claims represents a fair and reasonable resolution of *bona fide* disputes. Although the parties have litigated several procedural issues to a resolution, virtually all disputes going to the merits of the FLSA claims remain, including, but not limited to: when the compensable work day begins and ends for call center agents, whether Defendant can show that any uncompensated work time is *de minimis*, the amount of compensable time worked without proper compensation, the calculation of damages, the availability of liquidated damages (*i.e.*, whether Defendant can show that it acted in good faith), and the appropriate statute of limitations (*i.e.*, whether Defendant's alleged violations were willful, such that the three-year statute of limitations applies). These critical issues, as well as others, have not been resolved and present risks of continued litigation to each side. Plaintiff submits that the substantial recovery for FLSA Plaintiffs outlined above represents a reasonable resolution of their claims.

## VI.    THE PROPOSED NOTICE PROCESS IS APPROPRIATE

Rule 23(e) governs notice requirements for settlements or "compromises" in class actions and provides that a class action shall not be dismissed or compromised without both the approval of the Court and notice of the proposed dismissal or compromise to all members of the class in such manner as the court directs.  Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ."). "Rule 23(e) requires notice that describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks omitted). It "does not require detailed analysis of the statutes

**PAGE 22 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." *Id.* (quoting *Lane*, 696 F.3d at 826).

Here, the proposed Notice (attached to the Settlement Agreement as Exhibit 1), will be individually mailed and emailed to the Class Members to their last mailing address and email address known to Defendant, who is either their current or former employer. Importantly, Class Counsel has also regularly communicated with class members and maintained an updated address list for Class Members who were notified of their right to participate in this class action in 2021. Garrison Decl. ¶ 4. The Notice will fully apprise the Class Members of the terms of the Settlement, including those relating to attorneys' fees and service payments in accordance with Rule 23(h), and of their options to participate, object, and opt-out. The Notice will also include the form to sign and return in order to participate in the Settlement. The detailed information in the proposed Notice is more than adequate to put Class Members on notice of the proposed Settlement and is well within the requirements of Rule 23(e)(1). The proposed Notice far exceeds the minimum requirements in the Ninth Circuit and should be approved.

## VII.  SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement Agreement, the Court must set a final approval hearing date, dates for mailing the Notice, and deadlines for objecting to the Settlement, opting out of the Class, and filing papers in support of the Settlement. These dates are set forth in detail in the Parties' Settlement Agreement (Ex. A); however, below is a summary of the parties' proposed notice schedule:

PAGE 23 -     **MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

| Notice and Claim Form mailed to the Class (the "Notice Date") | 30 calendar days after the Preliminary Approval Order is entered (the list shall be provided to the Administrator by Defendant within 15 calendar days of the entry of the Order) |
|---|---|
| Deadline for filing Claim Form | 60 calendar days following Notice Date |
| Deadline for Class Counsel to file motion seeking approval of their fees, costs, and expenses, as well as approval of service payments | 30 calendar days after the Preliminary Approval Order is entered |
| Deadline for mailing objections to Administrator and deadline for Class Counsel to file objections with the Court | Objections must be mailed to the Claims Administrator and postmarked 60 calendar days following Notice Date, and Class Counsel must file such objections no later than 7 days prior to the Final Approval Hearing |
| Deadline for Class Members to exclude themselves from the Rule 23 Settlement | Requests to be excluded from the Rule 23 Settlement must be mailed to the Administrator and postmarked 60 calendar days following Notice Date, and Class Counsel must file such exclusion requests no later than 7 days before the Final Approval Hearing |
| Deadline for Class Counsel to file motion seeking final approval of the Rule 23 Settlement Agreement | 7 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience, at least 100 calendar days after the entry of the Preliminary Approval Order |

## VIII.  CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff's Unopposed Motion and preliminarily approve the Parties' Settlement Agreement.

DATED this 8th day of June, 2022.

**PAGE 24 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

BARRETT JOHNSTON MARTIN & GARRISON, LLC

By: /s/ David W. Garrison
    **David W. Garrison** (admitted *pro hac vice*)
    **Joshua A. Frank** (admitted *pro hac vice*)

Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile:  (615) 252-3798
Email:    dgarrison@barrettjohnston.com
        jfrank@barrettjohnston.com

-and-

**Steve D. Larson,** OSB No. 863540
**Jennifer S. Wagner,** OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840
Email:    slarson@stollberne.com
        jwagner@stollberne.com

-and-

**Peter Winebrake** (admitted *pro hac vice*)
**Mark J. Gottesfeld** (admitted *pro hac vice*)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Facsimile:  (215) 884-2492
Email:    pwinebrake@winebrakelaw.com
        mgottesfeld@winebrakelaw.com

Attorneys for Plaintiff and Class

**PAGE 25 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE
ACTION SETTLEMENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused to be served the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** on the following named person(s) on the date and manner indicated below:

[  ]  By Hand Delivery
[  ]  By Overnight Delivery
[  ]  By Facsimile Transmission
[X]  CM/ECF
[  ]  By U.S. Mail, contained in a sealed envelope, with postage prepaid, addressed to said person(s) at the last known address of each shown below and deposited in the United States Post Office on said day
[  ]  By Email

Karen L. O'Connor
John Baird Dudrey
Stoel Rives LLP
760 SW 9th Ave
Suite 3000
Portland, OR 97205
503-294-9291
503-220-2480 (fax)
karen.oconnor@stoel.com
john.dudrey@stoel.com

Attorneys for Defendant

Christine M. Snyder
Daniel L. Messeloff
Tucker Ellis, LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Christine.Snyder@tuckerellis.com
Daniel.Messeloff@tuckerellis.com

Attorneys for Defendant

DATED this 8th Day of June, 2022.

By:     /s/ David W. Garrison
        **David W. Garrison** (admitted *pro hac vice*)
        BARRETT JOHNSTON MARTIN & GARRISON, LLC
        414 Union St., Suite 900
        Nashville, TN 37219

**CERTIFICATE OF SERVICE**