**David W. Garrison** (admitted *pro hac vice*)
**Joshua A. Frank** (admitted *pro hac vice*)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

Attorneys for Plaintiff and Class

(Additional counsel listed on signature block)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER HARRISON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARRY & DAVID OPERATIONS, INC., and HARRY AND DAVID, LLC,<br><br>Defendants. | Case No. 1:18-cv-00410-CL<br><br>**CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 2

II.  HISTORY OF THE LITIGATION AND SUMMARY OF SETTLEMENT ................... 2

III. ARGUMENT ...................................................................................................... 3

    A.   Legal Standard .......................................................................................... 3

    B.   The *Wren* factors support final approval. ............................................... 4

    C.   The settlement notice was highly effective and the response overwhelmingly supports final approval. ............................................... 5

    D.   No class members objected to the settlement. ........................................ 6

    E.   The parties have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. ....................................................................................... 7

IV.  CONCLUSION ................................................................................................... 7

PAGE i -   CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

**UNOPPOSED MOTION**

In accordance with Local Rule 7-1(a), Plaintiff and Defendant have agreed, pursuant to the parties' written Settlement Agreement, that this Motion is unopposed. This Motion seeks final approval of the Parties' Class and Collective Action Settlement Agreement ("Settlement Agreement") (Doc. No. 234-1), in accordance with Rule 23 of the Federal Rule of Civil Procedure.[1]

Specifically, Plaintiff Jennifer Harrison, on behalf of herself and all others similarly situated, hereby respectfully moves for entry of an Order:

(a) finally approving the Parties' Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) dismissing the claims of the eight (8) Class Members who excluded them from the Settlement Agreement (Doc. No. 242), without prejudice;

(c) awarding Class Counsel their attorneys' fees, costs, and expenses;

(d) approving service payments for the Named Plaintiff and certain Class Members identified by Class Counsel in their preliminary approval motion;

(e) rejecting the purported objection filed by Ronald Crouse for lack of standing, who also excluded himself as a Class Member covered by the Settlement Agreement;

(f) retaining jurisdiction over this action for the purposes of enforcing the Settlement Agreement; and

(g) issuing final judgment and dismissal of the action.

A proposed order granting this relief is attached hereto.

---

[1] The Parties settlement of Plaintiff's FLSA claims have been approved by this Court. (Doc. No. 238 at ¶ 2).

PAGE 1 -   **CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

**MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S UNOPPOSED MOTION**

I. **INTRODUCTION**[2]

Pursuant to Rule 23(e) of the Federal Rules of Civil, Plaintiff Jennifer Harrison ("Plaintiff") respectfully submits this memorandum of law in support of her unopposed motion for final approval of the settlement of this Action on the terms set forth in the Settlement Agreement, previously filed with the Court. (Doc. No. 234-1).[3] The Settlement Agreement provides for the payment by Defendants of up to $3.3 million into a common fund to benefit the Class. The Court preliminarily approved the parties' settlement on June 13, 2022. (Doc. No. 236).[4] Resolution of this Motion, along with the presently pending motions seeking approval of the payment of attorneys' fees, expenses, and service awards (Doc. Nos. 241 and 248), will resolve all remaining issues in this action.

The parties' settlement is reasonable for the same reasons previously set forth in support of preliminary approval and the Court-approved notice process has now confirmed the overwhelming support of the class members for the settlement. For these reasons and for the reasons set forth below, this Motion should be granted.

II. **HISTORY OF THE LITIGATION AND SUMMARY OF SETTLEMENT**

Plaintiff and Class Counsel have previously provided this Court with a detailed history of this litigation, including how the parties reached the settlement now before the Court, as well as

---

[2] This Memorandum is filed by Plaintiff and not Defendant. While Defendant does not oppose the requested relief in Plaintiff's Motion, Defendant makes no representation as to the statements and arguments in this Memorandum.

[3] All references to the Settlement Agreement herein use the abbreviation "SA."

[4] The Court amended this order on June 21, 2022, in order to move the final approval hearing date. (Doc. No. 238).

PAGE 2 -   **CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

an overview of the settlement's material terms. Rather than recapitulating those details a third time, Plaintiff respectfully refers the Court to the following submissions containing a detailed account of the history of this litigation and how this settlement came about:

- Plaintiff's Unopposed Motion for Preliminary Approval (Doc. No. 234) at 2-12;

- June 8, 2022 Declaration of David W. Garrison ("6/8/22 Garrison Decl.") (Doc. No. 235) at ¶¶ 4-9;

- Class Counsel's Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Service Awards (Doc. No. 241) at 2-13;

- July 21, 2022 Declaration of David W. Garrison ("7/21/22 Garrison Decl.") (Doc. No. 241-1) at ¶¶ 10-30;

- July 21, 2022 Declaration of Steve D. Larson ("7/21/22 Larson Decl.") (Doc. No. 241-2) at ¶¶ 8-9; and,

- July 21, 2022 Declaration of Mark J. Gottesfeld ("7/21/22 Gottesfeld Decl.") (Doc. No. 241-3) at ¶¶ 21-25.

What is not contained in these prior submissions is a description of the result of the Court-approved notice process, which is only now complete. That process, which was highly effective and demonstrated the overwhelming support of the class members, is described in detail below as part of the argument in support of final approval.

### III.   ARGUMENT

#### A.   Legal Standard

For class claims, Federal Rule of Civil Procedure Rule 23(e) requires judicial review and approval of any settlement agreement before it can take effect. "The approval process entails two-steps: (1) preliminary approval of the settlement; and (2) final approval of the settlement at a fairness hearing following notice to the class." *State of California v. eBay, Inc.*, No. 5:12-CV-

PAGE 3 -   CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

05874-EJD, 2014 WL 4273888, at *5 (N.D. Cal. Aug. 29, 2014). This Motion seeks final approval of the parties' settlement.

When considering whether to grant final approval of a settlement, courts examine several factors that the Ninth Circuit has identified as relevant to the determination that a settlement is fair, adequate, and reasonable: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement." *Wren v. RGIS Inventory Specialists*, No. 3:06-cv-05778-JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011), *supplemented*, No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (citing *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). "This list of factors is not exhaustive and different factors may predominate in different factual contexts." *Id.* (quoting *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)). The Court may also consider how the parties reached the settlement and "[a]n initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Id.* (citations and internal quotation marks omitted). The Court is also guided by the "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Id.* (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008)).

B. **The *Wren* factors support final approval.**

The background referenced above already in the record demonstrates that the circumstances favor final approval of this settlement. In particular, Plaintiff's Unopposed Motion for Preliminary Approval previously addressed the circumstances that justify approval and

PAGE 4 -   CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

specifically referenced the factors identified above. (Doc. No. 234 at 13-18). There Plaintiff addressed the circumstances of this case that are relevant to factors (1) through (6)[5] and the additional facts about how the settlement was reached. (Doc. No. 234 at 15-18). Nothing about the notice process alters the analysis presented there and no class member has raised any objection to that analysis.

Thus, the Court should conclude, as it previously did when granting preliminary approval, that these factors support a finding that the settlement is fair, adequate, and reasonable. The only remaining factor is factor (8)—the reaction of class members to the proposed settlement—which simply could not be addressed prior to the notice process.

### C. The settlement notice was highly effective and the response overwhelmingly supports final approval.

While the granting of final approval ultimately rests on the fairness and reasonableness of the settlement itself, the results of the notice process here demonstrate that the settlement is fair and reasonable.

The Court-appointed settlement administrator sent the Court-approved notice of this settlement by mail and email to more than 4,200 Rule 23 class members and FLSA Opt-In Plaintiffs, informing them of their right to participate, exclude themselves, or object. Declaration of Dana Boub ("Boub Decl.") at ¶¶ 7-11 and Ex. A. Of the thousands to whom notice was directed, the notice process resulted in the settlement administrator locating updated addresses for 454 of the class members, and ultimately only 106 class members remained undeliverable by mail. *Id.* ¶¶ 3-9. The notice was also emailed to the thousands of class members who could participate, and, of those 106 for whom the mail notice remained undeliverable, the email notices was successfully

---

[5] Factor (7)—the presence of a governmental party—is simply not relevant to this case.

PAGE 5 -   **CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

delivered to all but seven (7) of them. *Id.* ¶ 9. In other words, the notice was successfully delivered to all but seven (7) of the more than 4,200 class members by either U.S. Mail or email. *Id.* This demonstrates that the Court-approved notice process was highly effective at reaching a class that included employees who, in some instances, worked for Defendant as long as ten years ago.

Moreover, the result of this notice process, subject to final approval, is that thousands of claimants will now receive settlement funds, while just eight (8) class members—*less than two-tenths of one percent (0.019%)*—have chosen to opt out of the settlement. *Id.* ¶ 10 and Ex. B. In fact, the response was overwhelming, with the majority of class members claiming the overwhelming majority of the settlement funds. Class members claimed nearly seventy-eight percent (78%) of the settlement funds—an estimated more than $1,540,000 of the available $1,980,000.[6] *Id.* ¶ 13. And, more than 2,700 class members—approximately sixty-five percent (65%) of the 4,210 class members—chose to participate. *Id.* ¶ 12.

### D. No class members objected to the settlement.

One of the eight class members who excluded himself also purported to object to the settlement. *See* Boub Decl. at ¶ 11 and Ex. C. Of course, class members who exclude themselves are not bound by a class action settlement and lack standing to object to the settlement or its terms. *E.g.*, *Dynabursky v. AlliedBarton Sec. Servs., LP*, No. 1:22-cv-210-JLS-RNBx, 2016 WL 8921915, at *7 (C.D. Cal. Aug. 15, 2016); *Wixon v. Wyndham Resort Dev. Corp.*, No. 3:07-cv-

---

[6] This estimated amount will increase for two reasons. First, it was based on a *minimum* amount of settlement funds possibly available to class members assuming the Court approved the maximum amount of attorneys' fees, costs and expenses, and service payments that Class Counsel could be awarded. Class Counsel have not sought the maximum amount of service payments, nor have they incurred (and as a result have not sought) the maximum amount of expense reimbursement. This means the available funds will be greater than the amount on which these estimates are based. Second, there may be some number of additional claims that are postmarked by the deadline that are received in the coming days.

PAGE 6 -   **CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

02361-JSW, 2011 WL 3443650, at *1 n.2 (N.D. Cal. Aug. 8, 2011). The parties Settlement Agreement is consistent with this black letter law. *See* Agmt. ¶ 4.10.2.3 (Doc. No. 234-1) (class members who exclude themselves "will not . . . have any right to object"). Thus, there were no objections to the settlement.

Even so, it is worth pointing out that this purported objection was based on the class member's stated belief that he was paid as he agreed when he was hired and was an objection "to this class action suit" rather than the settlement. Boub Decl. at Ex. C. This is, on its face, not an objection to the settlement and, as a result, fails to identify "the specific basis of the objection *to the Settlement*" as required by the settlement agreement. *See* Agmt. ¶ 4.10.1.1 (Doc. No. 234-1) (emphasis added).

In short, there are no objections to the settlement.

### E. The parties have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

On June 21, 2022, Harry & David gave notice of the proposed Settlement to the appropriate state and federal authorities. *See* forthcoming Declaration of Daniel Messeloff, to be filed subsequent to this Motion. This notice thus occurred within the timeframes required by 28 U.S.C. § 1715.

### IV. CONCLUSION

For the reasons set forth above, the Court issue a final approval order pursuant to Rule 23 of the Federal Rules of Civil Procedure. A proposed order granting this requested relief, as well as the relief sought in Class Counsel's Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Service Awards (Doc. No. 241) and Class Counsel's Unopposed Motion for Approval of Additional Expenses (Doc. No. 248), has been submitted herewith.

PAGE 7 -   CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

DATED this 22nd day of September, 2022.

        BARRETT JOHNSTON MARTIN & GARRISON, LLC

        By: /s/ David W. Garrison
           **David W. Garrison** (admitted *pro hac vice*)
           **Joshua A. Frank** (admitted *pro hac vice*)

        Philips Plaza
        414 Union Street, Suite 900
        Nashville, TN 37219
        Telephone: (615) 244-2202
        Facsimile: (615) 252-3798
        Email: dgarrison@barrettjohnston.com
                jfrank@barrettjohnston.com

        -and-

        **Steve D. Larson,** OSB No. 863540
        **Jennifer S. Wagner,** OSB No. 024470
        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
        209 SW Oak Street, Suite 500
        Portland, OR 97204
        Telephone: (503) 227-1600
        Facsimile: (503) 227-6840
        Email: slarson@stollberne.com
                jwagner@stollberne.com

        -and-

        **Peter Winebrake** (admitted *pro hac vice*)
        **Mark J. Gottesfeld** (admitted *pro hac vice*)
        WINEBRAKE & SANTILLO, LLC
        715 Twining Road, Suite 211
        Dresher, PA 19025
        Telephone: (215) 884-2491
        Facsimile: (215) 884-2492
        Email: pwinebrake@winebrakelaw.com
                mgottesfeld@winebrakelaw.com

        Attorneys for Plaintiff and Class

PAGE 8 -   **CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
TEL. (615) 244-2202  FAX (615) 252-3798

## CERTIFICATE OF SERVICE

      I hereby certify that I caused to be served the foregoing **CLASS COUNSEL'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL** on the following named person(s) on the date and manner indicated below:

      [ ] By Hand Delivery
      [ ] By Overnight Delivery
      [ ] By Facsimile Transmission
      [X] CM/ECF
      [ ] By U.S. Mail, contained in a sealed envelope, with postage prepaid, addressed to said person(s) at the last known address of each shown below and deposited in the United States Post Office on said day
      [ ] By Email

| | |
|---|---|
| Karen L. O'Connor<br>John Baird Dudrey<br>Stoel Rives LLP<br>760 SW 9th Ave<br>Suite 3000<br>Portland, OR 97205<br>503-294-9291<br>503-220-2480 (fax)<br>karen.oconnor@stoel.com<br>john.dudrey@stoel.com<br><br>Attorneys for Defendant | Christine M. Snyder<br>Daniel L. Messeloff<br>Tucker Ellis, LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113<br>Christine.Snyder@tuckerellis.com<br>Daniel.Messeloff@tuckerellis.com<br><br>Attorneys for Defendant |

DATED this 22nd Day of September, 2022.

                By: /s/ David W. Garrison
                     **David W. Garrison** (admitted *pro hac vice*)
                     BARRETT JOHNSTON MARTIN & GARRISON, LLC
                     414 Union St., Suite 900
                     Nashville, TN 37219

PAGE 9 -   **CERTIFICATE OF SERVICE**

BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
TEL. (615) 244-2202   FAX (615) 252-3798