IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER HARRISON, on behalf of herself and all others similarly situated, | Case No. 1:18-cv-00410-CL |
| Plaintiff, | |
| v. | **FINAL JUDGMENT AND ORDER** |
| HARRY & DAVID OPERATIONS, INC., | |
| Defendant. | |

Class Counsel's Unopposed Motion for Final Settlement Approval (ECF No. 250), Class Counsel's Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Service Awards (ECF No. 241), and Class Counsel's Unopposed Motion for Approval of Additional Expenses (ECF No. 248) came before this Court on September 29, 2022. The proposed settlement in this case was preliminarily approved by this Court on June 13, 2022. (ECF No. 236.)[1] Based upon these Motions and all of the files herein, the Court hereby GRANTS the pending Motions. Specifically, the Court hereby ORDERS as follow:

1.    **Final Approval.** The Court FINALLY APPROVES the parties' settlement as fair, adequate, and reasonable pursuant to Fed. R. Civ. P. 23(e) consistent with the findings herein.

2.    **The Settlement is Fair, Adequate, and Reasonable.** The Court examines a number of factors that the Ninth Circuit has identified as relevant to the determination that a settlement is fair, adequate, and reasonable: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery

---

[1] The Court amended this order on June 21, 2022, in order to move the final approval hearing date. (ECF No. 238.)

completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement." *Wren v. RGIS Inventory Specialists*, No. 3:06-cv-05778-JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011), *supplemented*, No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (citing *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). "This list of factors is not exhaustive and different factors may predominate in different factual contexts." *Id.* (quoting *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)). The Court may also consider how the parties reached the settlement and "[a]n initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Id.* (citations and internal quotation marks omitted). The Court is also guided by the "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Id.* (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008)). The Court has considered each of these factors in light of the briefing and the record before it and FINDS this settlement to be fair, adequate, and reasonable.

This matter has been pending for more than four years, and the parties have contested virtually every issue in the litigation. The parties have also conducted extensive discovery. Nevertheless, the parties have not completed discovery and maintain that there are likely additional discovery disputes. Moreover, the merits of the claims have yet to be addressed. There have been no dispositive motions filed and trial has not been set. As such, there remains considerable risk, expense, and delay for both sides prior to the conclusion of this case absent a settlement.

The Court finds it particularly relevant that the parties engaged in months of negotiations following years of hotly contested litigation. The record reflects that the settlement is the product of arm's-length negotiations between the parties with the substantial assistance of U.S. Magistrate Judge Acosta and Cliff Freed, a private mediator, both of whom served as mediators for the Parties

2

and both of whom conducted multiple formal mediation sessions and assisted in months of intense negotiations. *Wren*, 2011 WL 1230826, at \*6 (courts may consider "procedure by which the parties arrived at the settlement" for approval); *Hickcox-Huffman v. US Airways, Inc.*, No. 10-CV-05193-VKD, 2019 WL 1571879, at \*3 (N.D. Cal. Apr. 11, 2019) (finding that settlement "reached as a result of extensive arm's-length negotiations, occurring over the course of several months and two full-day, in-person mediation sessions before [a] private mediator" are circumstances favoring approval); *Valentine v. Sacramento Metro. Fire Dist.*, No. 2:17-cv-00827-KJM-EFB, 2019 WL 651654, at \*6 (E.D. Cal. Feb. 15, 2019) (where there are arm's-length negotiations facilitated by an impartial mediator and by a magistrate judge, probability of collusion is low); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"). In light of these factors, the Court finds that the value provided to the class is fair and adequate.

Class Counsel is experienced in this type of complex wage-and-hour litigation, recommends approval of the settlement, represents that the aggregate value available for the class members is roughly equal to the full amount of the alleged unpaid wage owed to class members if they had prevailed on their FLSA and Oregon state law claims based on Class Counsel's damages assessment, and notes that the allocation is equitable because it takes into account the relevant strengths and weaknesses of the various state and federal claims in this case. Courts place significant weight on the opinion of experienced counsel that a settlement is in the best interests of the class. *Carter v. Anderson Merch., LP*, No. 5:08-cv-00025-VAP-OP, 2010 WL 1946784, at \*8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight."); *Riker v. Gibbons*, No. 3:08–cv–00115–LRH, 2010 WL 4366012, at \*4 (D. Nev. Oct.28, 2010) ("The recommendation of experienced counsel in favor of settlement carries a great deal of weight in a court's determination of the reasonableness of a settlement."); *cf. also Wren*, 2011 WL 1230826,

at *9 (approving settlement where parties had litigated for years and completed substantial discovery because "the parties had ample information about the strengths and weaknesses of their positions to enable them and their counsel to make informed decisions about the settlement").

In sum, all of the relevant considerations support approval of the settlement as fair, adequate, and reasonable, including the reaction of class members, which is addressed separately below.

3.    **Effective Notice.** The Court preliminarily approved the class settlement Notice, which was issued by the Court-approved settlement administrator. Based on the briefing and supporting materials that have been submitted, the Court finds that this Notice was effective, received by virtually all of the more than 4,200 class members, and provided those class members with an opportunity to exclude themselves and to make any objections to the settlement. Thus, the Court FINDS Notice process satisfied the requirements of Fed. R. Civ. P. 23(e).

4.    **Class Member Response, Exclusions, Objections.** The response of class members to the settlement was overwhelmingly positive demonstrating their support for the settlement. Only eight (8) class members elected to exclude themselves from the settlement while more than 2,700 submitted claims to receive their settlement payment. Only one (1) class member (from among the eight (8) who excluded themselves), Ronald O. Crouse, purported to lodge an objection. However, because Mr. Crouse excluded himself from the settlement, he lacks standing to object to the settlement. *E.g., Dynabursky v. AlliedBarton Sec. Servs., LP,* No. 1:22-cv-210-JLS-RNBx, 2016 WL 8921915, at*7 (C.D. Cal. Aug. 15, 2016); *Wixon v. Wyndham Resort Dev. Corp.,* No. 3:07-cv-02361-JSW, 2011 WL 3443650, at *1 n.2 (N.D. Cal. Aug. 8, 2011). Mr. Crouse's purported objection also does not object to the *settlement,* but to the "this class action suit" and identifies as its basis that Mr. Crouse" was paid according to my hiring agreement." On its face this is not an objection to the settlement, nor does it identify any flaw in the settlement. In

4

sum, the Court FINDS that the response to the settlement was overwhelmingly positive and supports approval; that those individuals identified in ECF No. 242 have excluded themselves, are not part of the class, and are DISMISSED WITHOUT PREJUDICE; and that there are no objections to the settlement or its terms.

      5.    **Attorneys' Fees and Expenses.** The Court FINDS that the attorneys' fees and expenses incurred by Class Counsel are reasonable, GRANTS the Motions for their approval, and AWARDS Class Counsel $1,100,000 in attorneys' fees (one-third (1/3) of the settlement funds) and $113,806.17 in expenses. An award of one-third is consistent with other awards from within the Ninth Circuit and is routine. *Perkins v. Singh*, No. 3:19-cv-01157-AC, 2021 WL 5085119, at *3 (D. Or. Nov. 2, 2021) (in hybrid class and collective wage-and-hour action approving fees equal to one-third of common fund plus incurred expenses); *Wren*, 2011 WL 1230826, at *27-28 (approving fees in hybrid class and collective action including Oregon state wage claims amounting to more than 40% of the settlement fund); *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 WL 4620695, at *4 (N.D. Cal. Sept. 20, 2018) ("fee award of one-third is within the range of awards in this Circuit"); *In re Heritage Bond Litigation*, 2005 WL 1594403, at *23 (awarding one-third of $27.78 million settlement fund); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (no abuse of discretion where the "$4 million award (thirty-three percent [of the class's $12 million recovery]) for attorneys' fees is justified because of the complexity of the issues and the risks"); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *9 (S.D. Cal. June 1, 2010) (approving an attorneys' fee award of 33.33%).

      "In cases where settlement of a class action creates a common fund, the Court has discretion to award attorneys' fees using either the lodestar method or the percentage of the fund approach." See Wren, 2011 WL 1230826, at *16. Here, Class Counsel have incurred more than the requested $1,100,000 in fees based on reasonable hourly rates for their work in this matter. Accordingly,

this Court's award of $1,100,000 in attorneys' fees is also based on a *lodestar* analysis.

Class Counsel took this case on a contingency basis, have expended thousands of hours of attorney time and incurred tens of thousand of dollars in out-of-pocket expenses for the benefit of the class without any guarantee of compensation. Considerable risks, expense, and delay remain and Class Counsel have secured relief that for class members in the aggregate is roughly the full amount of the alleged unpaid wage owed to class members if they had prevailed on their FLSA and Oregon state law claims based on Class Counsel's damages assessment. These circumstances justify an award of attorneys' fees of $1,100,000.

6.    **Service Awards.** The Court FINDS the service awards requested to be reasonable and GRANTS the Motion for their approval. The Court AWARDS a service payment in the amount of $10,000 to Class Representative Jennifer Harrison. The Court FINDS that this amount is consistent with similar awards in this Circuit cited by Class Counsel and is justified by her efforts on behalf of the FLSA Opt-In Plaintiffs and absent Rule 23 class members over the four years since this case was filed. The Court AWARDS a total of $38,750 ($1,250 each) to the 31 FLSA Opt-In Plaintiffs who gave a deposition and are specifically identified in Exhibit 5 to the parties' settlement agreement (ECF No. 234-1). The Court FINDS that this amount is consistent with similar awards in this Circuit cited by Class Counsel and is justified by their active role in the discovery process in this case.

7.    **CAFA Notice.** The Court FINDS that the notice provided by Defendant to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.  The Court has been informed by Defendant's counsel that on June 21, 2022, Defendant sent notice of the proposed settlement to the U.S. Attorney General's office as well as the State Attorney General's office of any state in which a settlement class member resided.  More than 90 days has passed since the CAFA notices

6

were sent, and the Parties are not aware of any objections from any State or the Federal Government.

8.    **Funding the Qualified Settlement Fund (QSF).** Defendant is ORDERED to make all payments to the Court-approved Settlement Administrator, RG/2 Claims Administration, LLC consistent with the Settlement Agreement and this Order. Specifically, Defendant is ORDERED to pay to the Settlement Administrator within fourteen (14) days of the Effective Date: (a) the total funds claimed by class members (calculated as each claimant's *pro rata* share of the Settlement Award Fund, *see* Agmt. ¶ 2.17 (ECF No. 234-1), which is the $3,300,000 Maximum Settlement Liability Amount minus all Court-approved attorneys' fees, expenses, service payments, and settlement administration costs); (b) $1,100,000 in attorneys' fees; (c) $113,806.17 in expenses; (d) $48,750 in service payments; (e) and the remaining settlement administration costs not to exceed $50,000.

9.    **Continued Jurisdiction, Dismissal with Prejudice, and Entry of Final Judgment.** The Court retains jurisdiction with respect to the enforcement of the terms of the parties' settlement agreement and all orders and judgments entered in connection with it. Subject to this Court's continued jurisdiction over this action as set forth above, the Court hereby orders that this action be DISMISSED WITH PREJUDICE and ENTERS FINAL JUDGMENT. Except as provided for in the parties' settlement agreement and this Order, the parties shall bear their own costs and fees. The parties shall not be required to file a motion to re-open this case should any filings related to this Court's continued jurisdiction be necessary.

DONE and ORDERED in Medford, Oregon, this 29 day of September , 2022.

United States District Court
District of Oregon

7